UNITED STATES of America, Plaintiff-Appellee,

v.

Harry STEPHENS, Jr. and Claude Lee Hooper, Defendants-Appellants.

No. 79–5130
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1980.

---

* Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18.

Bruce Budner, Dallas, Tex. (Court-Appointed), for defendants-appellants.

Shirley Baccus-Lobel, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before RONEY, HILL and KRAVITCH, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellants Hooper and Stephens, along with five other individuals, were charged in a multi-count indictment with several violations of 18 U.S.C.A. § 641 and with conspiring to violate 18 U.S.C.A. §§ 641 & 2073. The district court ordered appellants severed for trial from their five codefendants. Of the other five defendants, two pled guilty, and each of the remaining three were convicted by a jury of conspiracy and two substantive violations. Prior to the start of appellants' trial, defense counsel and the United States Attorney agreed to a stipulation to the effect that the transcript of the prior trial would be admitted at appellants' trial without objection from either side.[1] Each side reserved the right to offer additional evidence at trial. As part

---

1. While we refer in the text of this opinion to stipulation in the singular, there were actually two separate stipulations, one concerning the evidence and testimony taken at the prior trial, and one concerning the transcript from that trial. The stipulations were read in open court by the United States Attorney:

MR. PRATHER: '*United States of America versus Claude Lee Hooper, Harry Stephens, Jr.*, Criminal Number 3–77–387, Stipulation Agreement: It is hereby agreed by and between the Defendants, Claude Lee Hooper and Harry Stephens, Jr., and their attorney, James Newth, and the United States Attorney for the Northern District of Texas that all of the evidence and testimony presented in the jury trial in April, 1978 of Mary Hooper, Johnnie Ruth Smith and Loretta Stephens in the above-numbered cause may be admitted into evidence without objection of either Defendant for the purpose of a trial before the court of Defendants Claude Lee Hooper and Harry Stephens, Jr., when tried before the Honorable Judge Patrick Higginbotham. It is further agreed that the Government and each Defendant can present any additional relevant evidence deemed necessary. The trial will proceed only on Count 1 as a felony, and Counts 8 and 11 as misdemeanors. The Government stipulates that the amount of federal funds in controversy in Counts 8 and 11 is an amount less than $100. Upon conclusion of an appeal, if any, the remaining counts will be dismissed by the Government. So stipulated and agreed this 14th day of July, 1978.' Signed by Mr. Dan Guthrie, Assistant United States Attorney, and Mr. Hooper and Mr. Stephens and Mr. Newth as their attorney. And that stipulation was filed July 14th, 1978.
Record, Tr. at 6–7.

MR. PRATHER: '*United States of America versus Claude Lee Hooper, Harry Stephens, Jr.*, Criminal 3–77–387, Stipulation: it is hereby stipulated and agreed to, in open Court, by and between the Defendants, Claude Lee Hooper and Harry Stephens, Jr. and their attorney James Newth and the

of the bargain, the government agreed to drop all but one of the substantive counts against Hooper and Stephens and to prosecute the remaining substantive counts as misdemeanors. After questioning the attorneys and appellants, the district court accepted the stipulation and ordered that it be filed. A bench trial was held and appellants were found guilty on all counts.

Appellants first argue that they were denied their Sixth Amendment right of confrontation by having stipulated to being tried, for all intents and purposes, on the transcript of the prior trial.

 While the right to confront and cross-examine witnesses has long been viewed as fundamental to the type of fair and impartial trial which our Constitution guarantees every defendant in a criminal case, see *Pointer v. Texas*, 380 U.S. 400, 405, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), there is no doubt that the right can be waived, see *Brookhart v. Janis*, 384 U.S. 1, 4, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966). The issue we confront in this case is whether counsel, by stipulating to the admission of evidence, may waive his client's constitutional right to confront the source of the evidence.

While this issue appears to be one of first impression in this Court, it has received considerable attention in the Ninth Circuit and, to a lesser extent, the First and Sixth Circuits. In *Wilson v. Gray*, 345 F.2d 282 (9th Cir. 1965), defense counsel, without objection from his client, stipulated that the case be heard on the transcript of the preliminary hearing. Although each side reserved the right to introduce additional evidence, neither did so. The defendant challenged his conviction on the ground that the purported waiver was ineffective because he had not personally waived his right of

confrontation. *Id.* at 283. Rejecting this argument, the court held that, where the defendant does not object, counsel may, as a matter of trial tactics, waive the right to confront and cross-examine witnesses. *Id.* at 286–88. *See also Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). *Wilson* has been reaffirmed repeatedly by the Ninth Circuit. *See United States v. Goldstein*, 532 F.2d 1305, 1314–15 (9th Cir.), *cert. denied*, 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976); *United States v. Martin*, 489 F.2d 674, 678 (9th Cir. 1973), *cert. denied*, 417 U.S. 948, 94 S.Ct. 3073, 41 L.Ed.2d 668 (1974); *Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971), *cert. denied*, 409 U.S. 854, 93 S.Ct. 187, 34 L.Ed.2d 97 (1972); *Symons v. Klinger*, 372 F.2d 47, 50 (9th Cir. 1967). And the First and Sixth Circuits have decided the issue in the same manner. *See Palfy v. Cardwell*, 448 F.2d 328, 330 (6th Cir. 1971); *Cruzado v. Puerto Rico*, 210 F.2d 789, 791 (1st Cir. 1954). *But see Phillips v. Wyrick*, 558 F.2d 489, 496 (8th Cir. 1977), *cert. denied*, 434 U.S. 1088, 98 S.Ct. 1283, 55 L.Ed.2d 793 (1978) ("A waiver of the confrontation right must be effected personally by an accused who is acting intentionally and knowledgeably. . . . [A]nd a choice to waive made by counsel *not participated in* by petitioner does not automatically bar relief to the petitioner.") (emphasis added).

 We find the reasoning of these cases persuasive, and today hold that counsel in a criminal case may waive his client's Sixth Amendment right of confrontation by stipulating to the admission of evidence, so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legit-

United States Attorney for the Northern District of Texas that all of the evidence and testimony admitted in the jury trial beginning April 3rd, 1978 of *U. S. A. versus Mary Hooper, Johnnie Ruth Smith and Loretta Stephens*, Criminal Number 3–77–387 in the United States District Court for the Northern District of Texas are admitted into evidence, as part of the evidence, in this trial before the Court of *U. S. A. versus Claude Lee Hooper*

*and Harry Stephens, Jr.* The parties further stipulate and agree that the transcript, if any, of the proceedings beginning April 3rd 1978, is admitted into evidence, as part of the evidence, in this trial before the Court. Signed by myself and Mr. Hooper, Mr. Stephens as Defendants, and Mr. Newth. And I would ask permission to file this at this time.
Record, Tr. at 8.

imate trial tactic or part of a prudent trial strategy.[2]

■ Applying this standard to the instant case, we conclude that appellants' right of confrontation was effectively waived by their attorney. Before the stipulation was accepted by the district court, the following colloquy took place:

THE COURT: Mr. Newth, do those correctly recite the stipulations and agreements that you've entered into on behalf of Mr. Stephens and Mr. Hooper?

MR. NEWTH: Yes, they do, Your Honor.

THE COURT: All right. And Mr. Stephens, Mr. Hooper, you've heard the stipulations read and the statements by your counsel. Is that—Do they correctly and accurately reflect your agreement?

MR. STEPHENS: Yes, Your Honor.

MR. HOOPER: Yes, Your Honor.

THE COURT: Do you understand what we've done and what we're doing?

MR. STEPHENS: Yes, Your Honor.

MR. HOOPER: Yes, Your Honor.

THE COURT: And you've had an opportunity to review that with your—Mr. Newth, your lawyer?

MR. STEPHENS: Yes, Your Honor.

MR. HOOPER: Yes, Your Honor.

THE COURT: All right. Thank you. They may be filed.

MR. NEWTH: Your Honor, for the purpose of the record, may I state that on the date of the agreed first stipulation, and I think it was June—MR. PRATHER: 14th. July 14th.

MR. NEWTH: July 14th. That was outside the courtroom of Judge Hughes, that was done over a period of three hours, from 2 p. m. till almost 5 p. m. on that particular date, that Mr. Stephens and Mr. Hooper was present, that we fully went into that agreement at long length.

THE COURT: Okay. Do you agree with that Mr. Stephens and Mr. Hooper?

MR. STEPHENS: Yes, Your Honor.

MR. HOOPER: Yes. Your Honor.

THE COURT: You're fully satisfied to proceed in this manner?

MR. STEPHENS: Yes, Your Honor.

MR. HOOPER: Yes, Your Honor.

THE COURT: And you understand you're not obligated to do this. You could not agree and the government would be put to its proof of every element against you and under the Rules of Evidence and this entire preceding trial would not be offered as it is. The government would have to start from scratch, so to speak. You understand that?

MR. STEPHENS: Yes.

MR. HOOPER: Yes, sir.

THE COURT: All right. Read the indictment.

Record, Tr. at 6–10.

Our reading of the record convinces us that both Hooper and Stephens, with full knowledge of the implications, consented to the stipulation. There is no evidence that they expressed any reservations to their attorney prior to their appearance before the district judge. Nor can we say that counsel's decision on this matter was not a legitimate trial tactic or part of a prudent trial strategy. Appellants originally were charged with several substantive violations of 18 U.S.C.A. § 641, all of which could have been prosecuted as felonies. As the quid pro quo for appellants consenting to the stipulation, the government agreed to drop all but one of the substantive counts and to prosecute the remaining counts as misdemeanors. Moreover, having witnessed the prior trial, defense counsel may very well have felt that his clients would fare better

---

**2.** Our decision today should not be viewed as in conflict with the rule that counsel cannot "stipulate without defendant's consent facts establishing the guilt of the accused." *Palfy v. Cardwell*, 448 F.2d 328, 330 (6th Cir. 1971); *see Achtien v. Dowd*, 117 F.2d 989 (7th Cir. 1941). The constitutional right affected in that situation is the right of the defendant in a criminal case to plead not guilty. *See Brookhart v. Janis*, 384 U.S. 1, 7, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966). We find no support in the record for appellants' argument that the stipulation in the instant case was tantamount to a guilty plea.

at their trial by agreeing to the admission of the transcript instead of forcing the government to recall the witnesses who would then be focusing their testimony on the activities of Hooper and Stephens rather than their five codefendants. This certainly would have been a reasonable decision in view of the fact that appellants' defense, at least in part, was that they were not in any way involved in the wrongdoings of the other five defendants. On these facts, we find no grounds for reversal.

Appellants' second argument, concerning the nature of the funds that they were charged with embezzling, was considered and expressly rejected by this Court in *United States v. Smith*, 596 F.2d 662, 663–64 (5th Cir. 1979).

■ Finally, appellants contend that they were denied effective assistance of counsel. Because this is a direct appeal, the issue is not properly before this Court:

> The law of this Circuit is that claims of inadequate representation cannot be determined on direct appeal where such claims were not raised before the District Court and there has been no opportunity to develop and include in the record evidence bearing on the merits of the allegations.

*United States v. Rodriguez*, 582 F.2d 1015, 1016 (5th Cir. 1978) (per curiam).

The judgment of the district court is Affirmed without prejudice to the right of appellants to raise the issue of ineffective assistance of counsel in a proper proceeding.

AFFIRMED.