853 F.2d 288
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus CARILLO BARRAZA, Robert Pruitt, III, Jose Luis Cantu,
Johnny Aguilar, Santos Garcia, Anselmo Hernandez-Molina,
Samuel Earl Barnett, Carlos Losoya, Milton F. Jones, Saul
Muniz, Julian Vera, Delfino Chavira, Gilberto Cantu, and
Juan Antonio Rodriguez, Defendants-Appellants.
 Nos. 86-2912, 86-2978 and 86-5505.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 12, 1988.
 
 Abraham Kazen, III, Kazan & Ray, Austin, Tex., for Barraza.
 Ronald P. Guyer, San Antonio, Tex. (court appointed), for Pruitt.
 John A. Hrncir, San Antonio, Tex. (court appointed), for Aguilar.
 Vincent D. Callahan, San Antonio, Tex. (court appointed), for Hernandez-Molina.
 J. Roberto Rodriguez, McAllen, Tex. (court appointed), for Losoya.
 Steve Orr, Orr & Davis, Austin, Tex., for Vera.
 J. Roberto Rodriguez, McAllen, Tex., for Chavira.
 Juan J. Hinojosa, McAllen, Tex., for Garcia.
 Mark Stevens, San Antonio, Tex., for Barnett.
 Bernard Campion, San Antonio, Tex. (court appointed), for Jones.
 Alan Brown, San Antonio, Tex. (court appointed), for Muniz & Barnett.
 George McCall Secrest, Jr., Houston, Tex., for Rodriguez.
 Daniel R. Rutherford, J. Raymond Karam, San Antonio, Tex. (court appointed), for Gilberto Cantu.
 Nancy M. Simonson, Corpus Christi, Tex., for Jose Luis Cantu.
 Mervyn Hamburg, Atty., Dept. of Justice, Washington, D.C., Henry O. Oncken, U.S. Atty., Charles Lewis, Susan L. Yarbrough, James R. Gough, Asst. U.S. Attys., Drug Task Force, Houston, Tex., for U.S.
 Appeals from the United States District Court for the Western District of Texas.
 Before WISDOM, GEE and JONES, Circuit Judges.
 WISDOM, Circuit Judge:
 
 
 1
 The fourteen defendants appeal their convictions for committing one or more of the following offenses: conspiracy to commit racketeering; racketeering; conspiracy to possess marijuana with intent to distribute; possession of marijuana with intent to distribute; operating a continuing criminal enterprise; and perjury. We affirm on all grounds.
 
 I. Facts and Prior Proceedings
 
 2
 The trial of these defendants recounted a large, successful marijuana distribution enterprise that operated for over five years in Mexico and Texas. The leader of this enterprise was Frank Garcia. His chief deputy was Joe Muniz. Garcia's principal supplier was Emilio Quintero-Payan. The enterprise transported thousands of pounds of marijuana across the Rio Grande Valley, north to Houston, Dallas, Abilene, and other destinations. The enterprise used various forms of transportation, including cars, vans, trucks, trailers, and an airplane. The organization bought, leased, and maintained several houses that served as showrooms and warehouses.
 
 
 3
 Eight defendants were found guilty of conspiracy to commit racketeering and conspiracy to possess marijuana with intent to distribute. Jesus Carillo Barraza was Emilio Quintero-Payan's sales representative in charge of the Garcia account. Barraza coordinated deliveries, negotiated prices, and recorded shipments. Juan Antonio Rodriguez, Garcia's brother-in-law, owned two homes that the enterprise used several times to store marijuana and cash. Samuel Earl Barnett was a long-time associate of Frank Garcia and a 15 percent shareholder in the enterprise. He loaded and directed deliveries, paid employees, and bought and sold marijuana. Jose Luis Cantu helped the enterprise acquire storage sites, worked as a courier, counted money, and assisted in the operation of a machine that packaged marijuana. Julian Vera coordinated, transported, and loaded various marijuana shipments. Milton F. Jones owned and maintained a storehouse for the enterprise. He later became a distributor for the enterprise. Delfino Chavira transported shipments and served as caretaker of an enterprise storehouse. Saul Muniz, the brother of Joe Muniz, purchased the marijuana packaging machine, rented vehicles, delivered shipments, and counted money for the enterprise. All of these defendants except Rodriguez and Saul Muniz were also convicted of racketeering. Jesus Carillo Barraza was also found guilty of possession of marijuana with intent to distribute and of operating a continuing criminal enterprise. Juan Antonio Rodriguez was also convicted of perjury.
 
 
 4
 The remaining six defendants were convicted of conspiracy to possess marijuana with intent to distribute. Johnny Aguilar, Anselmo Hernandez-Mulina, and Carlos Losoya were couriers for the enterprise. Losoya and Gilberto Cantu helped operate the marijuana packaging machine, and Cantu counted money for the enterprise. Santos Garcia, the brother of Frank Garcia, stored marijuana at his farmhouse. Robert Pruitt, III was paid for access to an airfield for the enterprise's plane shipments, and he loaded bales of marijuana at the airfield.
 
 
 5
 Although the defendants raise a large number of grounds for reversal, only a few issues merit discussion.
 
 II. The Multiple Conspiracy Problem
 
 6
 At trial the defendants contended that the government's evidence established multiple conspiracies, rather than the single racketeering conspiracy alleged in the indictment. The court then instructed the jury on the defendants' material variance argument:
 
 
 7
 With regard to the alleged enterprise and conspiracy offenses, you are instructed that proof of several separate enterprises or conspiracies is not proof of the single overall enterprise or conspiracy charged in the indictment. You must determine whether the enterprise and conspiracy charged in the indictment existed between two or more conspirators. If you find that no such enterprise or conspiracy existed, then you must acquit the Defendants as to that charge. However, if you are satisfied that such an enterprise or conspiracy existed, you must determine who were the members of the conspiracy.
 
 
 8
 If you find that a particular Defendant is a member of another enterprise or conspiracy, not the one charged in the indictment, then you must acquit that Defendant. In other words, to find a Defendant guilty, you must find that he was a member of the enterprise or conspiracy charged in the indictment and not some other, separate enterprise or conspiracy.
 
 
 9
 Apparently the jury agreed, at least in part, with the defendants' argument; the jury acquitted seven defendants on all counts and found that six defendants were not guilty of count one, the conspiracy to commit racketeering.
 
 
 10
 The defendants complain that the district court's instruction was not enough. They argue that multiple conspiracies were established as matter of law in this case, and no jury instruction could have cured this material variance. The defendants' estimates of the number of conspiracies range from ten to forty. The government counters that the evidence of a single conspiracy was sufficient, and that if a material variance existed, it did not prejudice the substantial rights of the defendants, because the issue was presented to and resolved by the jury.
 
 
 11
 The defendants' argument is without merit. This case is not like United States v. Sutherland[1] in which "the government introduced no evidence from which a jury could conclude that a single conspiracy existed among the defendants". Although evidence of other conspiracies may have been introduced at trial, there was overwhelming evidence that the eight defendants convicted of this racketeering conspiracy were members of a single conspiracy. There was also sufficient evidence of the six other appellants'/defendants' conspiracy participation to present the issue to the jury, but these six defendants were not found guilty of the racketeering conspiracy and, therefore, were not prejudiced substantially by any evidence of multiple conspiracies.[2]
 
 In Sutherland this Court stated:
 
 12
 If the government sufficiently supports its charge of a single conspiracy, evidence at trial of multiple conspiracies does not of itself create a material variance with the indictment; at most, such evidence creates a fact question and entitles the defendants to a jury instruction on the possibility of multiple conspiracies.[3]
 
 
 13
 The defendants in this case were entitled to a jury instruction on multiple conspiracies, and the district judge delivered to the jury an exact and complete explanation of the law on this issue. After 17 weeks of trial with 159 witnesses and 21 defendants, the jury then deliberated six days and carefully resolved these issues with remarkable logic. When the jury delivered its verdict, the multiple conspiracy issue was resolved.
 
 
 14
 III. A Manager in a Continuing Criminal Enterprise
 
 
 15
 Jesus Carillo Barraza argues that his conviction for engaging in a continuing criminal enterprise was erroneous, because he did not act "in concert with five or more other persons with respect to whom [the defendant] occupie[d] a position of organizer, a supervisory position, or any other position of management" as required by the applicable statute.[4] Specifically, the defendant contends that the government failed to show that he controlled five other persons.[5]
 
 
 16
 We disagree with the defendant's argument. The record shows that this defendant often supervised the delivery and unloading of the enterprise's shipments. He guided shipments and persons to delivery destinations, supervised loading and unloading, recorded the amounts of shipments, and directed persons to guard bales of marijuana. In these activities, the defendant supervised no less than seven persons. The defendant was not a peon.
 
 
 17
 The defendant argues that bookkeeping activities were not considered supervisory in United States v. Zavala.[6] In that case a defendant supervised a bookkeeper, but the court did not say that bookkeeping cannot be considered a management activity. The government is not required to prove that this defendant was the manager of the enterprise, only that he was a manager, who supervised at least five other persons. When this defendant guided persons transporting bales of marijuana and when he recorded the weight of such shipments while the other persons unloaded the bales, the defendant acted in a management position. That Garcia and Emilio Quintero-Payan also supervised the defendant does not change his status.
 
 IV. Additional Issues
 
 18
 The defendants also argue that their combined convictions for marijuana conspiracy[7] and racketeering conspiracy[8] violate the double jeopardy clause of the fifth amendment.[9] The Court decided this issue unfavorably to the defendants' contention in United States v. Mitchell.[10] We are bound by this precedent.
 
 
 19
 Finally, Gilberto Cantu argues that he received constitutionally ineffective assistance of counsel. The defendant raises serious charges that his counsel refused to discuss his case, did not return the defendant's phone calls, and committed extortion. Because the record is inadequate regarding these charges, we reject the defendant's argument without prejudice to his right to raise the issue in a later appropriate proceeding.[11]
 
 V. Conclusion
 
 20
 This Court finds no ground for reversal of the defendants' convictions. Although the defendants raised numerous arguments not discussed in this opinion, we have reviewed the record, researched all of the issues, and carefully considered all of the defendants' contentions. WE AFFIRM.
 
 
 
 [1]
 656 F.2d 1181, 1189 n. 5 (5th Cir.1981), cert. denied, 455 U.S. 949, 102 S.Ct. 1451, 71 L.Ed.2d 663 (1982)
 
 
 [2]
 The jury instead found these six defendants guilty of the marijuana conspiracy, and this finding was supported by substantial evidence
 
 
 [3]
 656 F.2d at 1189 n. 5; see also United States v. Erwin, 793 F.2d 656, 662 (5th Cir.1986)
 
 
 [4]
 21 U.S.C. Sec. 848(b)(2)(A) (subsequently codified at 21 U.S.C. Sec. 848(d)(2)(A))
 
 
 [5]
 See United States v. Mannino, 635 F.2d 110, 116 (2nd Cir.1980)
 
 
 [6]
 622 F.Supp. 319, 331 (N.D.Cal.1985)
 
 
 [7]
 21 U.S.C. Sec. 846
 
 
 [8]
 18 U.S.C. Sec. 1962(d) (1982)
 9 U.S. Const. amend. V: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb".
 
 
 [10]
 777 F.2d 248, 264 (5th Cir.1985)
 
 
 [11]
 28 U.S.C. Sec. 2255 (1982). See also United States v. Higdon, 832 F.2d 312, 314 (5th Cir.1987). Also, because the defendant failed to raise this issue before this direct appeal, this issue is not properly before this Court. United States v. Stephens, 609 F.2d 230, 234 (5th Cir.1980)