[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15045

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00177-CR-2-UWC-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALTEMIO GONZALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 5, 2009)

Before DUBINA, Chief Judge, TJOFLAT, Circuit Judge, and WALTER,* District Judge.

_____

*Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

PER CURIAM:

Appellant Altemio Gonzales appeals his conviction for possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1). He raises two issues on appeal. First, he argues that the district court violated his rights under the Sixth Amendment's Confrontation Clause when it accepted a stipulation to the identity of the purported cocaine, to which his counsel had agreed, but to which Gonzales himself objected. Second, he argues that the district court erred in denying his motion to suppress the purported cocaine seized from the tractor-trailer in which he was a passenger, because the combined traffic stop and administrative inspection of the tractor-trailer was unreasonably long and unsupported by reasonable suspicion.

**I.**

We review for harmless error the denial of a defendant's right to cross-examination under the Sixth Amendment's Confrontation Clause. *United States v. Ndiaye*, 434 F.3d 1270, 1286 (11th Cir. 2006) (citing *Olden v. Kentucky*, 488 U.S. 227, 232, 109 S. Ct. 480, 483, 102 L. Ed. 2d 513 (1988)). We review questions of law *de novo*. *See Ndiaye*, 434 F.3d at 1280.

Defense counsel may waive the defendant's right to cross-examine witnesses

by stipulating to the admission of evidence. *United States v. Stephens*, 609 F.2d 230, 232 (5th Cir. Jan. 1980).  However, such a stipulation must satisfy a two-part test:

> [C]ounsel in a criminal case may waive his client's Sixth Amendment right of confrontation by stipulating to the admission of evidence, so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy.

*Id.* at 232-33.

The introduction of a chemical analysis of a purported narcotic is not essential to conviction. *United States v. Baggett*, 954 F.2d 674, 677 (11th Cir. 1992) (citation omitted).  Instead, the government may establish the identity of the narcotic by circumstantial evidence, including "lay experience based on familiarity through prior use, trading, or law enforcement." *Id.* (internal quotation marks omitted).

## II.

The record demonstrates that Gonzales expressed his dissent from the stipulation when he affirmatively refused to sign it.  The district court at first acknowledged that the stipulation required Gonzales's signature, but ultimately decided to accept the stipulation without Gonzales's consent because of the government's reliance upon it and the late notification of the objection.  Because

3

our case law does not make an exception to *Stephens* for inconvenience to the government, we conclude that the district court erred in accepting the stipulation. Nevertheless, we are persuaded that the arresting officer's testimony at trial provided sufficient grounds for a reasonable jury to conclude that the substance was cocaine. Accordingly, we hold that the *Stephens* error was harmless.

### III.

The denial of a motion to suppress is a mixed question of law and fact. *United States v. Steed*, 548 F.3d 961, 966 (11th Cir. 2008). We review the district court's findings of fact for clear error, construing those facts in the light most favorable to the prevailing party, and we review the application of law to those facts *de novo*. *Id.*

The Alabama Code provides for the inspection of commercial motor vehicles and their records:

> Any records required to be maintained by operators of commercial motor vehicles pursuant to state or federal laws or regulations shall be open to inspection during the normal business hours of a carrier by members designated by the director. The inspection may be made without a warrant. Members of the department designated by the director may also go on the property of an operator of a commercial motor vehicle to conduct inspections of facilities and records to ensure compliance with applicable state and federal laws and regulations governing commercial motor vehicle operations.
>
> Ala. Code § 32-9A-3 (1998).

An officer may only prolong a traffic stop under "special circumstances," such as to investigate the driver's license and registration, to run a criminal history check, or where there is "articulable suspicion of other illegal activity." *United States v. Boyce*, 351 F.3d 1102, 1106 (11th Cir. 2003) (citation omitted). Whereas an investigatory detention requires only reasonable suspicion, a seizure must be supported by probable cause. *United States v. Virden*, 488 F.3d 1317, 1321 (11th Cir. 2007). Whether an investigatory stop has lasted so long as to require probable cause depends on the totality of the circumstances. *Courson v. McMillian*, 939 F.2d 1479, 1492 & n.21 (11th Cir. 1991).

A warrantless search and seizure of a vehicle is permissible when the police have probable cause to believe it contains contraband. *Virden*, 488 F.3d at 1321. In a case involving a dog sniff, probable cause arises when a drug-trained canine alerts to the presence of drugs. *United States v. Banks*, 3 F.3d 399, 402 (11th Cir. 1993) (per curiam).

**IV.**

The arresting officer testified that, over the course of his administrative inspection of the tractor-trailer, he developed reasonable suspicion of illegal activity based on the "overwhelming" odor of at least nine new air fresheners in the cabin, the extreme nervousness displayed by Gonzales and the driver, and the

5

inconsistencies among their log books, their statements to him, and the letter Gonzales showed him. We conclude that the district court did not clearly err in finding that these facts amounted to reasonable suspicion. In addition, approximately 15-20 minutes of the stop was spent requesting and waiting for the canine unit to arrive, while the remainder of the 2-hour detention was spent conducting an administrative inspection that is exempted by state statute from the warrant requirement.[1] Under the totality of the circumstances, the stop was not unreasonably long. Finally, the drug dog's positive alert gave the officer probable cause to conduct the search. The district court did not err in denying Gonzales's motion to suppress the evidence.

For the foregoing reasons, we affirm Gonzales's conviction.

**AFFIRMED.**

---

[1]Because Gonzales did not argue in his brief that § 32-9A-3 is facially unconstitutional, he has abandoned the issue. *See United States v. Ardley*, 242 F.3d 989, 990 (11th Cir. 2001) (per curiam).