**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4451
_____

UNITED STATES OF AMERICA,

v.

DWAIN WILLIAMS,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-09-cr-00010-001)
District Judge:  Hon. Sylvia H. Rambo

Submitted under Third Circuit LAR 34.1(a)
on November 5, 2010

Before:  SCIRICA, RENDELL and ROTH, Circuit Judges

(Opinion filed:  December 10, 2010)

_____

O P I N I O N
_____

**ROTH**, Circuit Judge:

I. **Introduction**

Dwain Williams appeals his conviction for conspiracy to distribute more than 100

grams of heroin, in violation of 21 U.S.C. § 846, and more than 100 grams of heroin, in

violation of 21 U.S.C. § 841(a)(1). He claims that the District Court violated his Sixth Amendment right to confront witnesses when it admitted laboratory analyses without the testimony of the analysts who performed them. He also contends that the District Court erred in finding, for sentencing purposes, a drug weight greater than 1,000 grams.

## II. Background

On December 9, 2008, Williams was arrested on two drug charges after he participated in a controlled drug sale arranged by a confidential informant. A substance suspected to be heroin was recovered at the site of the sale and sent to a laboratory for testing. The resulting analyses confirmed that the substance was heroin. Before Williams's trial, his counsel stipulated to the admissibility of the laboratory analyses, and no objection was made at trial when the analyses were admitted as evidence. The jury found Williams guilty on both drug charges.

At sentencing, the District Court relied on the confidential informant's testimony to determine the amount of heroin that Williams conspired to distribute and distributed. The informant himself had been a drug dealer who had purchased heroin from Williams for over a year. Although the informant could not recall the exact amount of heroin he had purchased from Williams, he stated that he had made at least one purchase of 500 grams and weekly purchases from Williams of ten or more grams of heroin. The Court found that although the informant's testimony contained some inconsistencies, it was "not entirely non-credible." Accordingly, when calculating the amount of heroin that Williams distributed, the District Court used the low end of the weekly estimates provided by the informant (ten grams) and calculated that this amounted to 520 grams of

2

heroin sold over the course of a year. This amount, added to the single sale of 500 grams and the controlled sales of 14 and 103 grams, resulted in a total distribution amount of 1,137 grams of heroin, and a base offense level of 32 for Williams. Williams appealed his conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## III. Discussion

### A. Confrontation Clause

Williams's appeal regarding the Confrontation Clause turns on whether Williams's right to confront the laboratory analyst was validly waived by his counsel. If the right was waived, it cannot now be raised on appeal. *See Virgin Islands v. Rosa*, 399 F.3d 283, 290 (3d Cir. 2005).

Williams argues that his counsel's stipulation was not a valid waiver of his Confrontation Clause rights because he did not personally waive the right; his attorney waived his right on his behalf. Although we have not previously decided whether the Confrontation Clause requires a defendant's personal waiver of his confrontation rights, every circuit to consider the matter has held that a personal waiver is not required. *See Janosky v. St. Amand*, 594 F.3d 39, 48 (1st Cir. 2010); *United States v. Plitman*, 194 F.3d 59, 64 (2d Cir. 1999); *United States v. Stephens*, 609 F.2d 230, 232-33 (5th Cir. 1980); *United States v. Cooper*, 243 F.3d 411, 418 (7th Cir. 2001); *United States v. Gamba*, 541 F.3d 895, 900-01 (9th Cir. 2008); *United States v. Aptt*, 354 F.3d 1269, 1282 (10th Cir. 2004. We agree with our sister circuits and conclude that the Confrontation Clause does not require that the defendant personally waive his confrontation rights.

3

Because Williams's personal waiver of his confrontation rights was not required, we therefore consider whether his counsel's waiver of his confrontation right was invalid under the circumstances of this case. The validity of counsel's waiver depends on whether the defendant dissented from his counsel's decision and whether counsel's decision was a legitimate trial tactic or part of a prudent trial strategy. *United States v. Stephens*, 609 F.2d 230, 232-33 (5th Cir. 1980). Neither factor, as applied to the facts here, suggests that the stipulation concerning the laboratory test by Williams's counsel was invalid.

First, there is no evidence in the record that Williams dissented from his counsel's stipulation to the admissibility of the laboratory evidence before or during trial. Second, an attorney's decision to stipulate to evidence and thereby waive his client's confrontation rights is a legitimate trial tactic and part of a prudent trial strategy as long as the decision does not constitute ineffective assistance of counsel. *See Aptt*, 354 F.3d at 1284. Nothing in the record suggests that Williams's attorney had any evidence with which to cross-examine or rebut the laboratory technician, Thus, there was no reason to insist on the technician's testimony and good reasons to avoid presenting it. Because Williams's trial counsel validly waived his confrontation rights, they cannot now be raised on appeal. *See Virgin Islands*, 399 F.3d at 290.

## B. Sentencing

Williams also contends that the court clearly erred in calculating his offense level based on the testimony of the confidential informant because the court did not explicitly and affirmatively find that testimony to be credible. We review a District Court's

4

sentencing decisions for clear error. *See United States v. Perez*, 280 F.3d 318, 352 (3d Cir. 2002).

The District Court's characterized the confidential informant's testimony, regarding amounts and specific dates of drug purchases, as "inconsistent" but "not entirely non-credible." Williams argues that this language should be interpreted to mean that the informant's testimony contained just the smallest scintilla of credibility. When this remark is considered in its proper context, however, it is evident that the District Court found that, despite containing some inconsistencies, the informant's testimony was sufficiently credible to support the court's conservative estimate of drug amounts. We conclude that the District Court's determination of Williams's drug purchase amount was not clearly erroneous.

**IV.  Conclusion**

For the foregoing reasons, we will affirm Williams's judgment of conviction and sentence.