# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2011

Lyle W. Cayce
Clerk

No. 10-50627
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES D. ADAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-222-2

Before BENAVIDES, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles D. Adams appeals his conviction for aggravated identity theft for which he was sentence to 24 months in prison. He first argues that the evidence was insufficient to support the jury's verdict.

Adams properly preserved his challenge to the sufficiency of the evidence by moving for a judgment of acquittal at the close of the Government's case and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by renewing his motion within 14 days of the guilty verdict.  *See* FED. R. CRIM. P. 29(a), (c).    Accordingly, our review of the sufficiency issue is de novo. *See United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008).

We will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Percel*, 553 F.3d at 910.  We do "not weigh evidence or assess the credibility of witnesses, and the jury is free to choose among reasonable constructions of the evidence."  *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

To establish aggravated identity theft, the Government must show that the defendant (1) knowingly possessed or used (2) the "means of identification" of another person (3) without lawful authority (4) during and in relation to the commission of bank fraud.  18 U.S.C. § 1028A(a)(1); *United States v. Stephens*, 571 F.3d 401, 404-05 (5th Cir. 2009).    In order to convict a defendant of aggravated identity theft pursuant to § 1028A, the Government must prove that the defendant knew that the means of identification he unlawfully possessed actually belonged to another person. *Flores-Figueroa v. United States*, 129 S. Ct. 1886, 1894 (2009).  Bank fraud requires that the Government "demonstrate that the defendant placed the financial institution at risk of civil liability or financial loss . . . ."  *United States v. Morganfield*, 501 F.3d 453, 464-67 (5th Cir. 2007).

Adams avers that the Government failed to show that he knowingly possess and used the identity of another to commit bank fraud.  The evidence was sufficient to prove beyond a reasonable doubt that Adams was part of a scheme to defraud Eaglemark Savings Bank when he and others used the means of identification of another person, the name of C.V.,[1] to obtain credit from the bank to unlawfully purchase a motorcycle.  *See Stephens*, 571 F.3d at 404-05. The evidence showed that Adams knowingly presented a false insurance card in

---

[1] To protect his identity, the victim in this case will be referred to by his initials.

No. 10-50627

C.V.'s name to Harley Davidson salesperson Garrison Bennett. Bennett testified that Adams provided him with the false insurance card so that Bennett could secure a loan for Adams to purchase the motorcycle using the identity of C.V. Adams's acts of obtaining and transferring the insurance card furthered the criminal venture and was necessary to its successful completion.

Adams avers next that the district court violated the Confrontation Clause by allowing the introduction of a written statement from a purportedly unavailable witness. However, we have held that counsel in a criminal case may waive his client's Sixth Amendment right of confrontation by stipulating to the admission of evidence, "so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy." *United States v. Stephens*, 609 F.2d 230, 232-33 (5th Cir. 1980). A claim that is waived is "entirely unreviewable, unlike forfeited errors, which are reviewable for plain error." *See United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995).

Adams was made aware of the issues surrounding the witness's availability, and he participated in his attorney's decision to admit her written statement in lieu of her in-court testimony. Adams provides no evidence that his decision was not voluntary or that he did not agree with counsel's decision. Moreover, electing not to have the witness testify, especially while heavily medicated and suffering from a mental illness, constituted a legitimate trial strategy. The evidence demonstrates that Adams waived his right to confront the witness, and the issue is unreviewable. *See Stephens*, 609 F.2d at 232-33; *Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995). Given the foregoing, the judgment of the district court should be affirmed.

AFFIRMED.

3