# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60645
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
July 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY BANKSTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CR-48-4

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Timothy Bankston was convicted by a jury of one count of conspiring to possess with intent to distribute more than 500 grams of cocaine and more than five grams of cocaine base and two counts of using a communication facility to facilitate the distribution of cocaine. For the first time, Bankston argues that the district court violated his Sixth Amendment right of confrontation by allowing his attorney to stipulate to certain evidence—that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certain drugs and drug quantities were purchased by and seized from other coconspirators—without ascertaining whether he understood and agreed with his attorney's decision to enter into the stipulation.

The right of confrontation is susceptible of waiver by counsel. *See United States v. Ceballos*, 789 F.3d 607, 616 (5th Cir. 2015). A criminal defendant's attorney "may waive his client's Sixth Amendment right of confrontation by stipulating to the admission of evidence, 'so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy.'" *Id.* at 614 (quoting *United States v. Stephens*, 609 F.2d 230, 232-33 (5th Cir. 1980)). We have "found a valid waiver of the right of confrontation without evidence that the defendant *himself* expressed agreement with the stipulation." *Id.* at 615. Moreover, a district court is not required to ascertain whether the defendant agrees with trial counsel's decision to stipulate to the admission of evidence. *See id.* at 613-17. Bankston did not dissent from counsel's decision to enter into the stipulation, and trial counsel's decision could be viewed as a strategic one given that his defense strategy was not to deny that the codefendants distributed or possessed drugs but to deny that he was involved in the drug distribution conspiracy.

Thus, Bankston's Sixth Amendment right of confrontation was waived by counsel's stipulation, and Bankston's confrontation claim is unreviewable. *See id.* at 614; *United States v. Rodriguez*, 602 F.3d 346, 350-51 (5th Cir. 2010); *United States v. Olano*, 507 U.S. 725, 733 (2003). Further, the district court was not required to question Bankston personally regarding the stipulation and therefore committed no error in not doing so. *See Ceballos,* 789 F.3d at 615-16.

Accordingly, the district court's judgment is AFFIRMED.