RENDERED:  FEBRUARY 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0516-MR

CHRISTINA MARCUM                                              APPELLANT

APPEAL FROM MADISON CIRCUIT COURT
v.        HONORABLE BRANDY OLIVER BROWN, JUDGE
ACTION NO. 11-CR-00283-002

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CETRULO, JUDGES.

ACREE, JUDGE:  Appellant Christina Marcum appeals the Madison Circuit

Court's March 23, 2021 order denying her RCr[1] 11.42 motion for ineffective

assistance of counsel.  We affirm.

---

[1] Kentucky Rules of Criminal Procedure.

## BACKGROUND

On January 19, 2011, law enforcement discovered the dismembered body of Angela Singleton. In the ensuing investigation, law enforcement came to believe Angela's husband, Jason, and Marcum killed Angela and dismembered her body. Jason, a codefendant in the underlying case, and Marcum hotly debated who killed Angela and who dismembered the body. Jason took a plea deal from the Commonwealth, and Marcum allowed a jury to decide her case.

The jury convicted Marcum of complicity to murder, complicity to tampering with physical evidence, and first-degree hindering apprehension or prosecution and, on May 23, 2014, the judge sentenced her to 30-years imprisonment based on the jury recommendation. Marcum appealed her conviction to the Kentucky Supreme Court, which affirmed her conviction on all substantive grounds. *Marcum v. Commonwealth*, No. 2014-SC-000337, 2015 WL 6605546, at *1 (Ky. Oct. 29, 2015) (*Marcum I*).

On November 16, 2018, Marcum filed a motion for relief under RCr 11.42 alleging ineffective assistance of counsel at trial. The Madison Circuit Court denied Marcum's motion, doing so without a hearing. Marcum now appeals this ruling.

On appeal, Marcum contends the legal assistance she received was ineffective in two ways. First, Marcum alleges her counsel provided ineffective

-2-

assistance by mishandling the introduction of certain evidence; namely, three statements Jason made to law enforcement. The first statement came in 2011, early in the murder investigation, when Jason told law enforcement Marcum had nothing to do with the murder. In a second statement, in 2013, when Jason pleaded guilty to certain crimes, he said Marcum murdered Angela, and that he dismembered the body. Jason made a third statement in 2014 when Detective Reeder, a detective involved in the homicide investigation, visited him in prison. Jason told Detective Reeder Marcum murdered Angela.

Prior to trial, Marcum's counsel and the Commonwealth agreed to keep all three statements out. However, once the trial began, Marcum's counsel did everything he could to get the 2011 exculpating statement in front of the jury while keeping the 2013 and 2014 statements out. Marcum's counsel referenced the statement in his opening argument and closing argument and attempted to elicit the statement from numerous witnesses.

Most notably, during cross-examination of Detective Reeder, Marcum's counsel successfully got parts of Jason's 2011 exculpatory statement in front of the jury, did so at the risk that evidence Reeder spoke to Jason in 2014 would also be allowed in, and it was. This opened the door on re-direct, to allow the Commonwealth to read Jason's 2013 plea colloquy to show why Reeder went to talk to Jason in 2014. The judge immediately gave the jury instructions not to

take the plea colloquy for the truth of the matter asserted but instead to show the effect it had on Reeder. Nevertheless, Marcum argues her counsel provided ineffective assistance when he opened the door for the 2014 and 2013 inculpating statements to come in.

Additionally, Marcum alleges her counsel provided ineffective assistance when he failed to assert Marcum's Sixth Amendment right to confront witnesses as the basis of an objection to the reading of the Jason's 2013 plea colloquy.

Marcum also alleges the issues she raises could not be resolved by resorting solely to the record; consequently, she argues, the circuit court erred by not holding a hearing on her RCr 11.42 motion.

We address each of these arguments in turn.

## ANALYSIS

No defendant is entitled to perfect counsel; instead, every defendant is entitled to reasonably effective counsel. *Fegley v. Commonwealth*, 337 S.W.3d 657, 659 (Ky. App. 2011). Accordingly, "[i]n a motion brought under RCr 11.42, '[t]he movant has the burden of establishing convincingly that he or she was deprived of some substantial right which would justify the extraordinary relief provided by [a] post-conviction proceeding.'" *Haley v. Commonwealth*, 586 S.W.3d 744, 750 (Ky. App. 2019) (quoting *Simmons v. Commonwealth*, 191

-4-

S.W.3d 557, 561 (Ky. 2006), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151, 159 (Ky. 2009)).

Additionally, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984). Thus, "[j]udicial scrutiny of counsel's performance [is] highly deferential." *Id.* at 689, 104 S. Ct. at 2065.

When reviewing an RCr 11.42 claim for ineffective assistance of counsel, this court applies the two-part test articulated by the United States Supreme Court in *Strickland v. Washington*. *See Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). To satisfy this test, the defendant must first show counsel's performance was so deficient the defendant did not receive counsel as guaranteed by the Sixth Amendment to the United States Constitution. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Commonwealth v. Tamme*, 83 S.W.3d 465, 469 (Ky. 2002). Second, the defendant must show counsel's defective performance in some way prejudiced the defendant. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

To show prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. We also

-5-

note that we must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 690, 104 S. Ct. at 2065.

When an appellate court reviews an attorney's strategy at trial, "It is not the function of [an appellate court] to usurp or second guess counsel's trial strategy." *Commonwealth v. York*, 215 S.W.3d 44, 48 (Ky. 2007) (quoting *Baze v. Commonwealth*, 23 S.W.3d 619, 624 (Ky. 2000)). The rationale behind this is that from our perspective, "strategic choices made after [a] thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066.

Here, it is clear from the record that Marcum's counsel employed reasonable strategy to defend her. The strategy was to convince the jury that law enforcement unreasonably focused on Marcum at the beginning of the investigation, and that such a fixation biased them to new pieces of information as the investigation unfolded. A crucial piece of evidence counsel wanted the jury to see was Jason's 2011 exculpatory statement that Marcum did not commit the murder.

For this theory to work, Marcum's counsel attempted to keep away from the jury Jason's inculpating statements – his 2013 plea colloquy and his 2014

statements.  The strategy was partly successful but the circuit court ruled the 2013

and 2014 statements could come in for impeachment purposes.  However, a

counsel's trial strategy cannot be labelled ineffective merely because it does not

fully succeed.  *Commonwealth v. Harbin*, 602 S.W.3d 166, 173 (Ky. App. 2019).

That is what happened here.

Additionally, waiver of Marcum's Sixth Amendment right was part of

a tactic to get into the record Jason's statement inculpating Marcum.  As the

Supreme Court explained in Marcum's direct appeal, counsel perceived Jason to be

a "wildcard"; it was better, in counsel's judgment, to have Jason's clear and

immutable written words in the record than to risk his unpredictable testimony.

The Supreme Court has already explained how waiver of Marcum's Sixth

Amendment right was part of counsel's reasonable trial strategy, as follows:

> Detective Reeder testified that, between the 2011 interview and the 2014 interview, he had learned about Jason's statements in his plea proffer.  The Commonwealth then sought to introduce Jason's 2013 plea proffer, and defense counsel objected.  At the ensuing bench conference, defense counsel argued that the statement was drafted by Jason's lawyer and thus not admissible.  The court ruled that the plea proffer was admissible for two reasons:  (1) for the effect it had on the investigation; and (2) because defense counsel opened the door during his cross-examination by questioning Detective Reeder about why he reinterviewed Jason in 2014.  Defense counsel concluded the bench conference by saying, "let's just play all of [Jason's] statements. Let [the jury] have them all."

Marcum argues that by permitting the 2013 plea proffer to be admitted without calling Jason to testify the trial court violated her Sixth Amendment right. The Sixth Amendment of the United States Constitution guarantees a criminal defendant the right to confront her accusers at trial. *California v. Green*, 399 U.S. 149, 157 (1970). The Confrontation Clause has been interpreted to mean that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 59 (2004). Certainly, in the context of a joint trial, the admission of a non-testifying defendant's confession that expressly implicated his codefendant violates the Confrontation Clause. *Barth v. Commonwealth*, 80 S.W.3d 390, 394 (Ky. 2001) (citing *Bruton v. United States*, 391 U.S. 123 (1968)).

However, both this Court and the United States Supreme Court have recognized that a criminal defendant may waive her constitutional right of confrontation. *Parson v. Commonwealth*, 144 S.W.3d 775, 783 (Ky. 2004), *as modified* (June 21, 2004), *as modified on denial of reh'g* (Oct. 21, 2004); *Illinois v. Allen*, 397 U.S. 337, 342-43 (1970). In such situations, counsel can waive a defendant's right of confrontation "so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy." *Parson*, 144 S.W.3d at 783 (Ky. 2004) (quoting *United States v. Stephens*, 609 F.2d 230, 232-33 (5th Cir. 1980)).

. . . [W]e hold that defense counsel waived Marcum's Sixth Amendment right to confront Jason. It is clear from the record that Marcum's only objection to entering Jason's proffer was that it was drafted by his lawyer. The trial court addressed this by finding that the statement was an adoptive admission. Following that, defense counsel requested that all of Jason's statements be read to the jury.

Marcum has pointed to no evidence, and we have found no evidence, that she dissented from counsel's request that all of Jason's statements be read to the jury without Jason being called as a witness. Furthermore, it is clear from the record that counsel considered calling Jason to testify, but made the *strategic decision* not to do so. On the first day of trial, counsel stated that he was wary about calling Jason as a witness, labeling him as a "*wildcard.*" Later in the trial, counsel stated that he was seriously considering calling Jason, but he did not do so. *Based on Jason's conflicting statements regarding Marcum's culpability, we cannot say that the tactical decision not to call him or to insist on his presence, was illegitimate or imprudent strategy.*

*Marcum I*, 2015 WL 6605546, at *2-3 (emphasis added). As the Supreme Court notes, there is no evidence Marcum objected to waiving her Sixth Amendment right as part of her counsel's trial strategy. Furthermore, we agree with the Supreme Court that counsel's trial strategy regarding this point was both legitimate and prudent.

Finally, Marcum contends the circuit court erred when it failed to conduct a hearing on her RCr 11.42 motion. "A hearing is required if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001). *See Wilson v. Commonwealth*, 975 S.W.2d 901, 904 (Ky. 1998); *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993); *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967). The Kentucky Supreme Court "has consistently held that a hearing is not necessary when a trial

-9-

court is able to resolve issues on the basis of the record or when 'it determine[s] that the allegations, even if true, would not be sufficient to invalidate [the] convictions.'" *Commonwealth v. Searight*, 423 S.W.3d 226, 231 (Ky. 2014) (quoting *Wilson*, 975 S.W.2d at 904). Also, if a circuit court properly denies an RCr 11.42 motion because a criminal defendant cannot meet the prejudice prong of *Strickland*, then a circuit court does not err by denying the RCr 11.42 motion without a hearing. *Searight*, 423 S.W.3d at 231. This is the case here.

Marcum's argument does not convince this Court that her counsel's trial strategy prejudiced her to the extent required by *Strickland*; in fact, she struggles to show the trial strategy was even error at all. Because of this, ordering a hearing on the issues presented in her RCr 11.42 motion would be "nugatory," as the Kentucky Supreme Court would put it. *Id.*

No material fact is left unresolved by limiting consideration of Marcum's RCr 11.42 motion to an examination of the record alone. To the contrary, that Marcum received effective assistance of counsel is apparent from the record. Thus, the circuit court did not err by denying Marcum's RCr 11.42 motion without a hearing.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's order.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Andrea Reed
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky