[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-13591

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL VANNESS, JR.,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00098-PGB-RMN-1

————————————————

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Michael Vanness appeals his convictions and 960-month sentence for two counts of enticing a minor to engage in sexual activity and one count of distribution of child pornography. On appeal, he argues that his counsel rendered constitutionally ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to request a continuance at sentencing so that he could have more time to review text messages that the government proffered as further evidence of Vanness's crimes and by advising Vanness to forgo a personal statement at sentencing. The government moves to dismiss the appeal on the ground that ineffective-assistance claims are not properly presented on direct appeal, and the record is not sufficiently developed to resolve the claims.[1] Vanness did not respond to the government's motion.

For claims of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. "When an ineffective-assistance claim is brought

---

[1] The government also argues that, to the extent that Vanness is challenging the substantive reasonableness of his sentence, his claim is barred by the sentence-appeal waiver in the plea agreement. Because Vanness's counsel only raises ineffective assistance of counsel claims on appeal which the government does not assert are subject to the appeal waiver, we do not address whether the appeal waiver would otherwise bar a challenge to the reasonableness of Vanness's sentence.

23-13591                Opinion of the Court                3

on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). Thus, a motion to vacate sentence brought under 28 U.S.C. § 2255, rather than a direct appeal, is the preferred method to assert claims of ineffective assistance of counsel where the district court can develop the record necessary to evaluate the performance and prejudice prongs of *Strickland*. *Id.*; *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) ("We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record.").

We construe the government's motion to dismiss as a motion for summary affirmance because the government does not assert that the ineffective-assistance claims are subject to the appeal waiver. Further, we have historically affirmed cases—not dismissed—where we declined to address ineffective-assistance claims on direct appeal. *See, e.g.*, *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285 (11th Cir. 2015); *Bender*, 290 F.3d at 1284; *United States v. Stephens*, 609 F.2d 230, 234 (5th Cir. 1980).[2]

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*) (holding that all decisions from the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981, are "binding precedent in the Eleventh Circuit").

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Here, we conclude that the record is not sufficiently developed to address Vanness's claims of ineffective assistance. Vanness did not bring his allegations of ineffective assistance to the district court's attention. And the record contains little evidence as to counsel's performance at sentencing on the two challenged grounds. Specifically, there is no evidence available to resolve the issues underlying the performance and prejudice questions in this case such as whether counsel needed a continuance, whether Vanness opposed a continuance, whether Vanness desired to allocute, what advice his counsel gave him, or whether his counsel's advice actually dissuaded Vanness from allocuting. Consequently, "[w]e think the best course is to allow [Vanness], if he wishes, to file a motion to vacate under 28 U.S.C. § 2255, and to have the necessary evidence on the performance and prejudice prongs of *Strickland* . . . presented in that proceeding." *Puentes-Hurtado*, 794 F.3d at 1285.

Accordingly, we **GRANT** the government's motion for summary affirmance.