585 So.2d 735 (1991)
Sammy Lee ROBINSON
v.
STATE of Mississippi.
No. 90-KP-0352.
Supreme Court of Mississippi.
August 28, 1991.
*736 Sammy Lee Robinson, pro se.
Mike C. Moore, Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and BANKS and McRAE, JJ.
DAN M. LEE, Presiding Justice, for the Court:

I.
Sammy Lee Robinson was convicted in the Circuit Court of Sunflower County, Mississippi, for the sale of cocaine. He was sentenced to serve a term of thirty (30) years in the custody of the Mississippi Department of Corrections, six (6) years suspended, and ordered to pay $100.00 to cover the cost of drug analysis and $123.50 to cover the costs of court. He appeals to this court assigning two errors:
I. He was denied a preliminary hearing in violation of Rules 1.04 and 1.07 of the Mississippi Uniform Criminal Rules of Circuit Court Practice; and
II. He was denied effective assistance of counsel because of counsel's failure to object to the introduction of evidence of another crime in violation of Rules 403 and 404 of the Mississippi Rules of Evidence and failure to request a preliminary hearing.

II.
We have reviewed the record in this case and find as to the first issue that there is no showing that Robinson ever requested a preliminary hearing prior to trial. Thus, *737 this claim has been waived. See Crenshaw v. State, 520 So.2d 131, 134-35 (Miss. 1988) (a trial court will not be put in error for a matter not first presented to it for decision).[1]
As to the second issue, the record shows that counsel never objected at trial to the introduction of evidence of another crime. Consequently, these claims have been waived for failure to present them first to the trial court for decision.[2]
Viewing these shortcomings in the context of Robinson's ineffective assistance of counsel claim requires that we consider whether they amount to deficient performance on the part of trial counsel, and, if so, whether there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See Cabello v. State, 524 So.2d 313, 315 (Miss. 1988), citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 86 L.Ed.2d 674 (1984).
We have considered this claim using the appropriate test, and find that trial counsel's shortcomings, while appearing on their surface to support a finding of deficient performance, do not rise to the level necessary to support a finding of constitutionally ineffective assistance of counsel. Counsel enjoys a "strong presumption" of competence, and we cannot say to a degree of reasonable probability that the proceeding below would have turned out differently had Robinson's trial counsel performed otherwise.

III.
Accordingly, it is the opinion of this Court, based on a careful review of the record, that there are no reversible errors. Therefore, the conviction and sentence of Sammy Lee Robinson for the sale of cocaine is affirmed.
CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SIX (6) YEARS SUSPENDED AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.
HAWKINS, P.J., specially concurs.
McRAE, J., specially concurs, joined by ROY NOBLE LEE, C.J., HAWKINS, P.J., and PITTMAN, J.
HAWKINS, Presiding Justice, specially concurring:
I concur in affirming, but rather than not applying Avery v. State, 555 So.2d 1039 (Miss. 1990), I would overrule that decision.
McRAE, Justice, specially concurring:
I concur with the majority opinion; however, I would go forward and say that Avery v. State, 555 So.2d 1039 (Miss. 1990) *738 (Blass, J.), should be overruled. A review of the Mississippi Uniform Criminal Rules of Circuit Court Rule 1.04 and Rule 1.07 clearly indicates that those rules are to be applied when there has not been an indictment on a charge. Rule 1.04 states:
The preliminary hearing shall be heard on the set date, unless it is waived in writing or in open court and upon the advice of counsel. If preliminary hearing is waived by the defendant, the judicial officer shall bind the defendant over to the next grand jury.

Rule 1.07 states:
If from the evidence it appears that there is probable cause to believe that an offense has been committed, and that the defendant committed it, the judicial officer shall bind the defendant over to the next grand jury.

A preliminary hearing is given to a person accused of a crime, by a magistrate or a judge, to ascertain whether there is evidence to warrant and require the commitment and holding to bail of a person accused of a crime. It is in no sense a trial for the determination of accused's guilt or innocence, but simply a course of procedure whereby a possible abuse of power may be prevented, and the accused discharged or held to answer, as the facts warrant. Both of these rules refer to a defendant being arrested and provide that a preliminary hearing be held to determine if there is sufficient evidence to bind the defendant over to a grand jury for indictment. Once a defendant is indicted, a preliminary hearing is no longer available to the defendant.
I submit that Avery v. State, supra, should be overruled as it applies to giving a preliminary hearing after an indictment has been rendered by a grand jury; failing that, I agree with the majority that Avery should be considered prospective and not retrospective in its application.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PITTMAN, J., join this opinion.
NOTES
[1] The chronology of the trial and of the Avery decision is important and decisive. Robinson was tried on September 14, 1988. Avery v. State, 555 So.2d 1039 (Miss. 1990), was decided January 10, 1990. Avery is prospective, not retrospective, in application.
[2] Proof of essential elements of the crime was provided by video deposition of State's undercover agent. Although not made an issue, the novelty of video deposition use in a criminal case merits some discussion. The trial court ordered the deposition on the state's oral motion because the witness was out of state and unavailable for the trial.

With Circuit Judge Gray Evans presiding, the state provided the witness the opportunity to identify Robinson as the one who sold him the cocaine. The purchased cocaine was placed in evidence in the deposition. Robinson's court-appointed counsel, Carver Randle, made no objection to taking the deposition; during the deposition Mr. Randle cross-examined the witness. No objection was made when the deposition was introduced at trial and none is raised on appeal. The Circuit Judge ruled it was permissible under the "Rules of Procedure of this State ... ." (none were cited.) The jury was further instructed that the deposed testimony was to be "given such weight and such credibility ... as though this witness were a live sworn witness testifying to you here today."
This Court recently recognized the necessity to respect rights of defendants under the confrontation clauses of the Federal and State Constitutions. MRE Rule 804, Comment.
Robinson's failure to object waived his right of confrontation. Appropriate procedures should be implemented to provide safeguards of this constitutional right when video-taped testimony is utilized in criminal trials.