749 So.2d 262 (1999)
Larry D. WALDON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00738-COA.
Court of Appeals of Mississippi.
September 7, 1999.
*264 Michael R. Farrow, Columbus, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred, III, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., DIAZ AND MOORE, JJ.
DIAZ, J., for the Court:
¶ 1. Larry Waldon was convicted of two counts of uttering a forgery by a jury of the Lowndes County Circuit Court on February 16, 1995. He now appeals his sentence and conviction to this Court asserting that his constitutional rights were violated by his attorney's stipulation to the expected testimony of the State's handwriting expert, allegedly entered into without his consent, and the admission into evidence of the testimony of the Deputy Circuit Court Clerk about his failure to appear at his originally scheduled trial. Waldon further asserts that the court's consideration of other indictments pending against him as an aggravating factor in sentencing was a denial of his due process rights. Finally, he contends that counsel was ineffective in presenting his case. Finding no merit to these assignments of error, we affirm the orders of the court below.

FACTS
¶ 2. In May of 1993, James Butler, a deacon at Providence Baptist Church, noticed that three checks were missing from the church's checkbook. Eventually, the National Bank of Commerce returned two of the checks which had been drawn on the church's account. The first check, made payable to Larry Waldon for $250, purportedly was signed by "Reverend James Green" and "James Bolter." Another check was made payable to Larry Waldon for $200. It carried signatures purporting to be those of "Reverend James Greenlaw" and "James Bolter" or "Butter."
¶ 3. Billy Speed, a lieutenant with the criminal investigation division of the Columbus Police Department, was called to the National Bank of Commerce on May 25, 1993, to investigate the missing checks after they were cashed by the bank. He met with one of the bank officers, Reverend James Greenlaw, and James Butler. Because both of the recovered checks were made payable to Larry Waldon, Officer Speed investigated Waldon's record, learning that the driver's license number and social security number listed on the back of one of the checks matched Waldon's. Deacons of the church authorized to sign checks denied Waldon's contention that the checks were given to him as a benevolent gift.
¶ 4. Waldon was indicted on August 9, 1993, for two counts of uttering forgery. After a jury trial, he was found guilty of both counts and sentenced to serve two consecutive twelve-year terms in the custody of the Mississippi Department of Corrections. Waldon agreed to forgo his appeal in exchange for the State's dismissal of four other indictments pending against him. Nevertheless aggrieved, Waldon petitioned the circuit court for permission to file an out of time appeal. His request was granted, and he now urges this Court to reverse his conviction.

DISCUSSION OF THE LAW

I. WHETHER WALDON WAS DENIED HIS RIGHT TO CONFRONTATION BY THE STIPULATION TO TESTIMONY OF THE STATE'S HANDWRITING EXPERT ALLEGEDLY MADE WITHOUT HIS CONSENT
*265 ¶ 5. Waldon first asserts that he was denied his right to confront witnesses against him in violation of both the constitutions of Mississippi and the United States by his attorney's stipulation to the testimony of the State's handwriting expert. At trial, the prosecutor offered the following stipulation to which Waldon's attorney agreed:
If your Honor please, the Stateit's [sic] stipulated between the State of Mississippi and counsel for the defendant that if Frank Hicks were called to testify, he would testify thusly: First, that he is a questioned documents examiner for the Mississippi Crime Laboratory and has been accepted as an expert in such on numerous occasions in the courts of this and other states. Second, that he examined the checks which are now in evidence as Exhibits Numbers One and Two and examined the known handwriting samples of the defendant Larry Waldon which are found in Exhibits Number Sevenexcuse meExhibits Number Five and the known handwriting sample which is found in Exhibit Number Seven of Ron Burgin and compared those known samples with the writing which is found on the checks in Exhibits Numbers One and Exhibits Number Two. Third, that as a result of these comparisons he made the following determinations: first, that the defendant, Larry Waldon, wrote the payor signature of "Jame Bolter" on a check number 3113, that which has been marked State's Exhibit Number One in evidence; that the defendant, Larry Waldon, wrote the endorsements on the back of both checks number 3113 and 3114, that which has been marked State's Exhibits Number One and Two in evidence respectively; second that there was strong reason to believe that the defendant wrote first the payee name Larry Waldon on checks number 3113 and 3114, once again State's Exhibits Numbers One and Two respectively; secondly that the James Bolter, payor signature on 3114, there was likewise strong reason to believe that the defendant wrote that and finally, that there was strong reason to believe that the defendant wrote the Reverend James Greenlaw payor signature on check number 3114 which is State's Exhibit Number One in evidence; fifthly he would testify that there was strong reason to doubt that Ron Burgin wrote the payor signatures on checks numbered 3113 and 3114 which is State's Number One and Two in evidence. Finally, your Honor, he would testify that the phrase reason to believe means that the signature bore the same class or general characteristics, but did not contain enough individual or unique characteristics for him to form any further opinion and that will conclude the stipulation.
The record reflects that Waldon's attorney verbally agreed to the stipulation. Waldon now asserts that his attorney did not discuss the matter with him or obtain his permission to agree to the stipulation.
¶ 6. Waldon first asserted this error in his motion for a new trial. At the hearing, Waldon testified that his attorney had not discussed the stipulation with him and that he would not have agreed to the stipulation had he been consulted. Waldon did admit that he was in the courtroom at the time the stipulation was made but asserted, in essence, that he did not understand the impact of the stipulation. Richard Burdine, Waldon's trial attorney, testified to the contrary that he informed Waldon of the stipulation and his client consented to it.
¶ 7. Waldon now contends that a criminal defendant's right to confrontation cannot be waived by his attorney. He urges this Court to require that trial judges explain the effect of a stipulation to a criminal defendant and inform him that, in the absence of the stipulation, the prosecution would be required to call the witness to testify. Waldon's assignment of error, however, is procedurally barred by his failure to object at the time the stipulation *266 was entered. Further, precedent allows for the waiver of the right to confrontation.
¶ 8. As Waldon correctly points out, a person accused of a crime has the fundamental right to confront the witnesses against him. Hewlett v. State, 607 So.2d 1097, 1100 (Miss.1992). However, this right to confrontation is not unlimited. Id. The Mississippi Supreme Court has held that the failure to object at trial to the introduction of evidence bars the accused from objecting to the introduction of that evidence at a later date. Robinson v. State, 585 So.2d 735, 737 (Miss.1991).
¶ 9. In United States v. Stephens, 609 F.2d 230 (5th Cir.1980), the Fifth Circuit addressed the issue now raised by Waldon and found "that counsel in a criminal case may waive his client's Sixth Amendment right of confrontation by stipulating to the admission of evidence, so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy." Stephens, 609 F.2d at 232-33. The Mississippi Supreme Court has noted that "[t]he right of confrontation by witness may be waived." Brewer v. State, 233 So.2d 779, 780 (Miss.1970). See also Robinson, 585 So.2d at 737 n. 2 ("[the defendant's] failure to object waived his right to confrontation.").
¶ 10. There is no evidence in the record to suggest that Waldon dissented to his attorney's decision to stipulate to the testimony of the handwriting expert at the time it was made. During the hearing on his motion for a new trial, Waldon testified that his attorney did not ask his permission to enter into the stipulation and that he would have objected during the trial to the stipulation if he had understood what it was and what its impact would be. However, his attorney testified that he discussed the stipulation with Waldon and received his client's permission to agree to it. Faced with this contradictory testimony, we defer to the decision of the trial judge who was present at both the trial on the merits and the hearing for a new trial.
¶ 11. Following the Fifth Circuit's reasoning in Stephens, 609 F.2d at 232-33, we must next determine whether Waldon's attorney's decision to stipulate to the admission of evidence was part of a legitimate trial strategy or tactic. Prior to the admission of the stipulation, the jury heard the State's fingerprint expert describe in great detail how she uncovered Waldon's fingerprints on both of the checks. If the State's handwriting expert's testimony was as persuasive as its fingerprint expert, it would have been the "final nail" in the case against Waldon. Instead, Waldon's attorney chose to stipulate to the expert's finding that he believed that Waldon forged the payor signatures on both checks. The stipulation was long, complicated and not entirely clear. Certainly, it would have been less damaging than a live witness relating to the jury in exacting detail how he determined that the accused forged the signatures on the checks. We recognize that Waldon's attorney's decision to stipulate to this evidence was a legitimate trial tactic intended to assist his client. Accordingly, we find that Waldon's right to confrontation was effectively waived so as to be barred on appeal.

II. WHETHER THE CIRCUIT COURT ERRED IN ADMITTING TESTIMONY REGARDING WALDON'S FAILURE TO APPEAR AT FIRST TRIAL
¶ 12. Shelba J. Nabors, Lowndes County Deputy Circuit Court Clerk, testified that Waldon failed to appear for his original May 16, 1994 trial date which ultimately resulted in his arrest on November 17, 1994. Waldon now asserts that this testimony denied him a fair trial because the probative value of the evidence was substantially outweighed by the risk of unfair prejudice. Waldon, however, failed to object to Nabors' testimony. We disagree with the argument he now raises that allowing the testimony into evidence was plain error.
*267 ¶ 13. Failure to appear for trial may be considered flight. See Tavares v. State, 725 So.2d 803 (¶¶ 9-11) (Miss.1998)(reviewing the admissibility of evidence of failure to appear at trial under flight exception). As a general rule, "evidence of flight is admissible on the issue of guilty knowledge." Jimpson v. State, 532 So.2d 985, 990 (Miss.1988). Although evidence of escape normally is admissible through an exception found in Mississippi Rule of Evidence 404(b), it first must pass the threshold of Rules 403 and 401 to be admissible. Mack v. State, 650 So.2d 1289, 1309 (Miss.1994). Because M.R.E. 103 requires that a party make a timely and specific objection to preserve for appeal his argument against the admission of the evidence, we do not reach the issue of whether the evidence in question met the threshold requirements for admissibility.
¶ 14. Where a party fails to preserve his objection for appeal, he can assert the error on appeal only by arguing that there was plain error. Brown v. State, 690 So.2d 276, 297 (Miss.1996). "A party is protected by the plain error rule when (1) he has failed to perfect his appeal and (2) when a substantial right is affected." State Highway Comm'n v. Hyman, 592 So.2d 952, 957 (Miss.1991). Waldon's failure to object at trial satisfies the first requirement.
¶ 15. Looking next at whether a substantial right was affected, Waldon contends that the admission of the deputy circuit clerk's testimony abridged his right to a fair trial. He asserts that since he appeared at all other hearings and since the forgery occurred a year prior to the date of the originally scheduled trial, there is no merit to the State's argument that evidence of flight was the basis for admitting evidence of his failure to appear at trial. Thus, he suggests the prejudicial value of this testimony was such that its admission was plain error.
¶ 16. Waldon testified on his own behalf, providing him ample opportunity to refute the evidence presented by the deputy circuit clerk or to explain why he failed to appear on the date his trial was originally set. Further, no flight instruction was offered or given in this case which would have drawn emphasis to Waldon's failure to appear for his first trial. We therefore do not find that he was unfairly prejudiced by the admission of this evidence and find no basis for the reversal of his conviction on the basis of plain error.

III. WHETHER THE CIRCUIT COURT ERRED IN CONSIDERING OTHER INDICTMENTS PENDING AGAINST WALDON DURING SENTENCING
¶ 17. Waldon further asserts that the circuit court erred by taking into consideration the other indictments pending against him at the time of sentencing, thus violating his rights to due process and to be protected against cruel and unusual punishment. He objects specifically to the following exchange:
BY THE COURT: All right, are there any matters in aggravation?
BY MR. ALLGOOD: If your Honor please, the only matters in aggravation the State would have wouldI would ask the Court to take notice of the fact that this defendant has four other indictments on the docket in Lowndes County, Mississippi. Three of those indictments are crimes of violence. Uhthere are two robberies pending on this docket.... There arethere is a charge of aggravated assault and grand larceny in yet another count and the fourth indictment is an indictment for burglary and larceny of a dwelling. I would ask the Court to take judicial notice of those other charges pending against this defendant.
BY THE COURT: All right.
BY MR. ALLGOOD: That would be the only aggravation the State would have, your honor.
BY THE COURT: All right, the Court is mindful of the presumption of innocence in those cases also. *268 Waldon did not object to the prosecutor's request that pending indictments against him be considered in his sentencing nor did he allege it as error in his motion for a new trial. In his order denying Waldon's motion for a new trial, the trial judge reiterated that "the Court was mindful of the presumption of innocence when it took notice of the additional charges pending against the defendant."
¶ 18. Because Waldon failed to make a specific, contemporaneous objection to the information of the other indictments coming in during his sentencing as aggravating circumstances, any objection he might have had was waived. Robinson, 585 So.2d at 737. Further, consideration of the issue on appeal is procedurally barred because of Waldon's failure to provide any authority in support of his assertion that the trial court erred in its consideration of the other indictments. Holloman v. State, 656 So.2d 1134, 1141 (Miss.1995).
¶ 19. Procedural bar notwithstanding, we find that this issue does not warrant reversal of Waldon's conviction. In sentencing, the trial court has "broad discretion in the things [it is] able to consider" and "may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information [it] may consider, or the source from which it may come." Evans v. State, 547 So.2d 38, 41 (Miss.1989). Furthermore, the trial judge specifically stated for the record that he was "mindful of the presumption of innocence" in the pending indictments. There was no evidence suggesting that the judge placed improper emphasis on the fact that Waldon had several indictments pending against him at the time of his sentencing. Accordingly, we find no abuse of the circuit court's discretion in determining Waldon's sentence.

IV. WHETHER WALDON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 20. Waldon finally claims that his conviction should be reversed because he received ineffective assistance of counsel. Although Waldon complains in general that his attorney did not discuss the case with him, interview witnesses, or investigate the case, he alleges several specific deficiencies. First, he asserts that his attorney should not have stipulated to the testimony of the State's handwriting expert and did not discuss the stipulation with him. He further argues that his attorney should have objected to the admission of the testimony of the deputy circuit court clerk regarding Waldon's failure to appear at his original trial date as proof of flight and to the admission of several indictments pending against Waldon during the sentencing phase of this matter as an aggravating factor. Finally, Waldon asserts that his attorney had a conflict of interest in the case because he had previously represented Waldon's ex-wife in their divorce proceedings.
¶ 21. There is a presumption that a trial attorney's performance is competent. Edwards v. State, 615 So.2d 590, 596 (Miss.1993). To succeed on a claim of ineffective assistance of counsel, therefore, an appellant must prove that counsel's overall performance was deficient and that his defense was prejudiced by his attorney's inadequate performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Whether the elements of the Strickland test are satisfied is determined by looking at the totality of the circumstances. Cole v. State, 666 So.2d 767, 775 (Miss.1995).
¶ 22. Under Strickland, it further is presumed that the conduct of a trial attorney is reasonable and that decisions made during trial are strategic. Edwards, 615 So.2d at 596. This presumption includes decisions about whether to object to proffered testimony. Cole, 666 So.2d at 777. As discussed in Issues I and II, supra, there was no error in admitting the deputy clerk's testimony or in stipulating to the handwriting expert's testimony. Therefore, there is no merit to Waldon's *269 complaint with these aspects of his attorney's performance.
¶ 23. Waldon further asserts that his attorney did not spend enough time with him and that his alleged representation of Waldon's ex-wife in divorce proceedings against him resulted in a conflict of interest. However, Waldon's attorney testified that he met with him on at least three occasions for more than forty-five minutes to discuss the case. He further stated that he could not remember whether he or a member of his firm represented Waldon's ex-wife and that the representation had concluded at least six months before Waldon's criminal case came to trial. We do not perceive these circumstances as being unreasonable.
¶ 24. We further note that the Strickland test requires the appellant to prove that he suffered prejudice because of his trial counsel's deficient representation. "The requisite showing of prejudice requires that the defendant establish a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Edwards 615 So.2d at 597. Not only has Waldon failed to demonstrate any deficiencies in his attorney's performance, he has not shown that but for these alleged deficiencies, the outcome of his trial would have been different.

V. CONCLUSION
¶ 25. Having carefully reviewed the issues raised in this appeal, we find no grounds for reversal. Accordingly, we affirm Waldon's conviction for two counts of uttering a forgery and his sentence to serve consecutively two twelve year terms in the custody of the Mississippi Department of Corrections.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF TWO COUNTS OF UTTERING FORGERY AND SENTENCE OF TWELVE YEARS ON EACH COUNT TO BE SERVED CONSECUTIVELY FOR A TOTAL OF TWENTY-FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.