ROBERTS, J.,
for the Court:
¶ 1. A jury sitting before the Harrison County Circuit Court found R.L. Rogers guilty of armed robbery and possession of a firearm by a convicted felon. Following unsuccessful post-trial motions for a judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial, Rogers appeals. Rogers claims that: (1) regardless of the fact that he stipulated that he had previously been convicted of a felony, there was insufficient evidence to support his conviction for felon in possession of a firearm because the prosecution failed to introduce evidence that he had previously been convicted of a felony; (2) the circuit court erred when it allowed the prosecution to introduce a statement that Rogers gave before he had received the familiar warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and (3) he was entitled to a mistrial because members of the jury discussed the first witness’s testimony prior to jury *546 deliberations. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. During April 2010, a man later identified as Rogers robbed Advance America, a cash-advance business in Gulfport, Mississippi. Armed with a chrome .22 caliber Jennings pistol, Roger walked into the business and told Josephine Hurt, the branch manager, to give him some money. Hurt complied. Rogers took the money from Hurt and ordered her and Megan Smith, a customer, to get on the floor. He left after Hurt and Smith followed his instructions.
¶ 8. Officer Lee Seymour of the Gulfport Police Department received a call that a man matching the robber’s description had been spotted on Texas Avenue in Gulfport. When Officer Seymour arrived, a local resident told Officer Seymour that she had seen a man drop something in a bush. Officer Seymour found a pair of black sunglasses in the bush.
¶ 4. Officer Matthew Boone of the Gulf-port Police Department also responded to the Texas Avenue area. Other police officers had discovered Rogers hiding in a bush, but Rogers ran from the police. Officer Boone caught Rogers. Officer Seymour proceeded to the area where Rogers had hidden. Officer Seymour searched the area and found a black fleece jacket, $140 in one of the pockets, $1,170 on the ground, and a chrome .22 caliber Jennings pistol.
¶ 5. At the police station, Investigator Matthew Thomas of the Gulfport Police Department spoke with Rogers. Investigator Thomas asked Rogers if he wanted to make a statement. According to Investigator Thomas, Rogers responded, ‘You guys found the money, my clothes[,] and the gun. Why do I need to make a statement[?]”
¶ 6. Indicted for armed robbery and felon in possession of a firearm, Rogers opted for a trial. Regarding the charge that Rogers was a convicted felon in possession of a firearm, the prosecution intended to present evidence of Rogers’s prior felony conviction. Rogers’s attorney wanted to avoid any prejudicial effect that might result from the jury being aware that Rogers had previously been convicted of a felony. To that end, Rogers’s attorney was willing to stipulate that Rogers had a prior felony conviction.
¶ 7. At trial, the prosecution called Hurt as its first witness. Based on a distinctive gap in Rogers’s teeth, Hurt identified Rogers as the person who robbed her. Hurt also identified Rogers’s pistol.
¶ 8. The circuit court took a brief recess after Hurt testified. During the recess, court security overheard some of the jurors discussing aspects of Hurt’s testimony. Rogers requested a mistrial. The circuit court questioned each juror, and multiple jurors stated that they had discussed or heard other jurors discuss Rogers’s teeth and Rogers’s pistol. The circuit court discovered that one juror in particular had instigated the discussions. Consequently, the circuit court asked Rogers whether he wanted to replace the instigating juror with an alternate. Rogers’s attorney argued that replacing the juror would not cure the offense. Because all of the jurors said that they had not formed an opinion about the evidence or the case, the circuit court denied Rogers’s request for a mistrial. The circuit court consistently reminded the jurors that they were prohibited from discussing the case prior to deliberations.
¶ 9. Next, Smith testified for the prosecution. Smith said that she was present during the robbery. She described the *547 man who robbed the business as a tall black male, and she said he had been wearing a black jacket. However, Smith could not identify the man who robbed the business, but she was able to recognize the pistol.
¶ 10. Officers Seymour and Boone testified regarding their involvement in Rogers’s apprehension. Investigator Thomas also testified. Rogers did not object when Investigator Thomas testified that Rogers had said, “You guys found the money, my clothes[,] and the gun. Why do I need to make a statement!"?]”
¶ 11. When the prosecution rested its case-in-chief, the circuit court reminded the prosecution that the jury was not aware of Rogers’s stipulation that he had previously been convicted of a felony. The prosecution explained that it had not introduced evidence of Rogers’s prior convictions because Rogers’s attorney wanted the stipulation to appear in a jury instruction. Rogers and the prosecution agreed that Rogers would incorporate the stipulation in one of his jury instructions, which had been designated as jury instruction D-11.
¶ 12. Rogers chose to testify. He denied that he had robbed Advance America. Rogers claimed that he and his girlfriend had been arguing while they were driving during the night before the robbery. Rogers testified that he got out of the car to end the argument. According to Rogers, he was drunk, and he fell asleep in some bushes near the area where he was arrested the next day. Rogers said that a woman woke him up the next morning and told him to run, so he ran. Rogers admitted that he made the statement that Investigator Thomas referenced, but Rogers also said that Investigator Thomas had misquoted him. Additionally, Rogers claimed that his statement to Investigator Thomas was sarcastic.
¶ 13. After Rogers rested, the circuit court instructed the jury. In Rogers’s jury instruction D-ll, Rogers and the prosecution stipulated that Rogers had a prior felony conviction. The jury found Rogers guilty of both armed robbery and possession of a firearm by a felon. The circuit court subsequently found that Rogers qualified for enhanced sentencing as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). For armed robbery, the circuit court sentenced Rogers to twenty-three years in the custody of the Mississippi Department of Corrections (MDOC). For possession of a firearm by a felon, the circuit court sentenced Rogers to ten years in the custody of the MDOC. The circuit court set Rogers’s two sentences to run consecutively to one another. Finally, the circuit court held that Rogers was ineligible for parole. Rogers appeals.
ANALYSIS
I. FELON IN POSSESSION OF A FIREARM
¶ 14. At trial, the circuit court gave Rogers’s jury instruction D-ll in which Rogers stipulated that he had previously been convicted of a felony. Nevertheless, for the first time on appeal, Rogers now claims that the prosecution failed to prove that he had a prior felony conviction. Rogers reasons that there was insufficient evidence to convict him for possession of a firearm by a convicted felon.
¶ 15. Rogers did not raise this issue in his motion for a directed verdict or his motion for a judgment notwithstanding the verdict (JNOV). The dissent suggests that Rogers’s proposed peremptory jury instruction preserved the issue. The dissent notes that Rogers’s peremptory instruction “was not limited to the armed-robbery conviction.” However, a motion *548 challenging the sufficiency of the evidence “must state specifically wherein the [prosecution] has failed to make out a prima facie case.” Sheffield v. State, 749 So.2d 123, 126 (¶ 10) (Miss.1999) (quoting Banks v. State, 394 So.2d 875, 877 (Miss.1981)). Additionally, we review the sufficiency of the evidence on the last occasion the challenge was made at trial. Townsend v. State, 939 So.2d 796, 801 (¶ 23) (Miss.2006) (quoting McClain v. State, 625 So.2d 774, 778 (Miss.1993)). Rogers last challenged the sufficiency of the evidence in his motion for a JNOV, and he did not claim that there was insufficient evidence that he had previously been convicted of a felony. Because Rogers never raised this issue in the circuit court, he is procedurally barred from raising it for the first time on appeal. Id.
¶ 16. Despite the fact that Rogers does not argue that his conviction for felon in possession of a firearm was “plain error,” the dissent would have to find plain error to reach its result. Plain error applies to an “obvious” error that a trial court should have cured even in the absence of an objection. See Conners v. State, 92 So.3d 676, 682-84 (¶¶ 15-19) (Miss.2012) (plain error occurred when Mississippi Crime Laboratory’s reports were introduced without proper sponsoring testimony in violation of a defendant’s Sixth Amendment rights). Rogers does not claim that the circuit court erred when it gave jury instruction D-11, in which Rogers stipulated that he had previously been convicted of a felony. Notwithstanding that neither issue is presently before this Court, the dissent tacitly finds that the circuit court should have refused Rogers’s jury instruction, and the circuit court should have sua sponte found that there was insufficient evidence that Rogers had previously been convicted of a felony.
¶ 17. When reviewing a challenge to the legal sufficiency of the evidence, appellate courts consider the evidence “in the light most favorable to the prosecution.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). If “the evidence shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed!,]’ ” appellate courts will not disturb the verdict. Id. (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). However, should the evidence “point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty, the proper remedy is for the appellate court to reverse and render.” Id. (citations omitted).
¶ 18. Mississippi Code Annotated section 97-37-5(1) (Rev.2006) provides that “[i]t shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm ... unless such person” qualifies for one of three expressly stated exceptions. Consequently, the prosecution was required to prove that on the date charged in the indictment: (1) Rogers possessed a firearm, and (2) Rogers had been previously convicted of a felony. See Jones v. State, 920 So.2d 465, 473 (¶ 24) (Miss.2006).
¶ 19. Indicted as a habitual offender, Rogers had at least four prior felony convictions. The indictment charged that Rogers had a prior felony conviction in that he had been convicted of burglary of a dwelling in Mississippi. Rogers also had an additional conviction for burglary of a dwelling. In Washington, Rogers had been convicted of “first degree robbery with a deadly weapon” during September 1991. Approximately one year later, a Washington federal court convicted Rogers *549 for “felon in possession of a firearm” as an “armed career criminal.” For that felony conviction, Rogers was sentenced to 210 months in federal prison. Not long after his release from federal custody, Rogers robbed the cash-advance business in Gulf-port.
¶ 20. Quite appropriately, more than a week before Rogers’s scheduled trial, his attorney filed two motions in limine intended to prevent the prosecution from introducing evidence of Rogers’s prior convictions. According to Rogers’s attorney, evidence of his prior convictions was unduly prejudicial under Rule 404(b) of the Mississippi Rules of Evidence. During a hearing on Rogers’s motions in li-mine, the prosecution announced that it was prepared to introduce evidence of Rogers’s prior convictions by way of Rogers’s pen-pack and his judgments of conviction. However, Rogers’s attorney offered to stipulate that Rogers had previously been convicted of a felony. Specifically, Rogers’s attorney wanted to use a jury instruction to stipulate that Rogers had previously been convicted of a felony. Although the circuit judge expressed concern regarding the lack of a written stipulation, Rogers’s counsel unequivocally said she wanted the stipulation to be included in a jury instruction.
¶ 21. Before voir dire, Rogers’s attorney reiterated that Rogers had agreed to stipulate that he had previously been convicted of a felony. After the prosecution presented its case-in-chief, Rogers moved for a directed verdict. However, Rogers only challenged the sufficiency of evidence related to his armed-robbery charge. In other words, Rogers did not claim there was insufficient evidence that he was a felon in possession of a firearm. Even so, the circuit judge explicitly noted that nothing had been read to the jury concerning the verbal stipulation that Rogers had previously been convicted of a felony. The following exchange then occurred:
[The prosecution]: Right. As I am aware [Rogers’s attorney] has [the stipulation] as D-ll in her jury instructions.
The [e]ourt: I think she does, but I also — I think what it talks about is it’s a limiting instruction, correct?
[Rogers’s attorney]: I’m not sure what other type of instruction other than the one that I showed the [c]ourt earlier because that’s the language that’s out of ... Rigby [v. State, 826 So.2d 694 (Miss.2002) ], which is what [the Mississippi Supreme Court] crafted after reading ... [Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) ].
Eighteen lines later in the transcript, Rogers’s attorney further stated, “Just so the record is clear[,] ... I did say that I would stipulate to this rather than putting the pen pack in. I do agree that [regarding] the felony referenced in count two of the indictment[,] ... there is sufficient impact information on that prior conviction.”
¶ 22. During the conference on jury instructions, Rogers submitted jury instruction D-ll, which states:
The [c]owi instructs the jury that [Rogers ] has stipulated to the fact that he has a felony conviction that occurred on a date prior to April 24, 2010. The [c]ourt instructs the jury that [Rogers’s] prior conviction ... may not be considered as evidence that [Rogers] committed the offense with which he is currently charged in Count 2 of the [i]ndietment. It may, however, be used for the limited and sole purpose of proving the prior conviction element of the crime of unlawfully possessing a firearm after having previously been convicted of a felony.
*550 (Emphasis added). Essentially, jury instruction D-ll is a combination of a factual stipulation, a peremptory instruction, and a limiting instruction. In State v. Flippen, 344 N.C. 689, 477 S.E.2d 158, 164 (1996), the North Carolina Supreme Court addressed circumstances in which the prosecution and a defendant who was facing the death penalty had stipulated that the defendant had no significant history of prior criminal activity. The Flip-pen court noted that “in those cases where the evidence is truly uncontradict-ed, the defendant is ... entitled to a peremptory instruction when he requests it.” Id. at 165. Technically, there was no evidence that Rogers had previously been convicted of a felony. But, as the Flippen court discussed, “[a] stipulation entered into between the parties has the effect of removing a question of fact from the jury’s consideration. Neither party need present evidence or show proof of the existence of such facts that are contained within the stipulation.” Id. “In other words, the stipulation is substituted for proof[,] and [it] dispenses with the need for evidence.” Id. Similarly, the Mississippi Supreme Court has held that the effect of a stipulation to an element of a crime is that the element is conclusively established without the State having to submit further proof to the fact-finder. See e.g., Randall v. State, 806 So.2d 185, 236 (¶ 152) (Miss.2001).
¶ 23. Rogers’s attorney explicitly stipulated into the record that Rogers had previously been convicted of a felony. During a pretrial hearing, before voir dire, and during the hearing on Rogers’s motion for a directed verdict, Rogers’s attorney repeatedly expressed her preference that the stipulation appear in a jury instruction. Rogers’s attorney patterned that jury instruction on the jury instruction countenanced by the supreme court in Rigby v. State, 826 So.2d 694, 702-03 (¶ 14) (Miss.2002), which allowed a defendant charged with a subsequent DUI offense to stipulate that he had previously been convicted of a DUI. The instruction in Rigby was also submitted with a limiting instruction to prevent the possibility of any undue prejudice that might stem from the jury hearing specific evidence of the prior conviction. Id. According to Rigby, “[c]ertain procedural safeguards are warranted if a defendant offers to stipulate to previous DUI convictions. The trial court should accept such stipulations, and they should be submitted to the jury with a proper limiting instruction.” Id. at 702 (¶ 14).[1] That is exactly what happened in this case.
¶ 24. It would have been preferable for Rogers and the prosecution to enter a written stipulation into the record and/or have the judge read the stipulation to the jury before completion of the prosecution’s case-in-chief. However, a written stipulation is not required by Rigby or any other Mississippi case. In Casas v. State, 735 So.2d 1053, 1055-57 (¶¶ 1, 16) (Miss.Ct.App.1999), this Court affirmed a conviction after a defendant’s attorney verbally stipulated that substances seized in a search were marijuana and cocaine. Similarly, in Waldon v. State, 749 So.2d 262, 264-265 (¶¶ 1, 5) (Miss.Ct.App.1999), this Court af *551 firmed a forgery conviction after a defendant’s attorney verbally stipulated to evidence that did away with the necessity of calling a handwriting analyst as a witness. Verbal stipulations as to prior convictions occur in other jurisdictions.[2] Still, reducing a stipulation to writing has a significant advantage of removing any uncertainty as to the terms. However, there is no uncertainty in this case, and the record is clear that Rogers received exactly what he sought. Rogers conceded that the prosecution did not have to prove that he had previously been convicted of a felony. In return, Rogers avoided the possible prejudicial effect of the jury’s awareness of his specific prior bad acts as set forth in the pen-pack that the prosecution intended to introduce.
¶ 25. Nevertheless, the dissent concludes that the circuit court erred despite the fact that Rogers’s attorney, the prosecution, and the circuit court all complied with the procedure set forth in Rigby regarding stipulation of prior convictions. The circuit court did not err when it accepted Rogers’s attorney’s numerous verbal stipulations that Rogers had previously been convicted of a felony. Rogers’s attorney repeatedly opted to instruct the jury that Rogers had previously been convicted of a felony. In other words, even if we were to assume that there was some error in the circuit court’s decision to allow Rogers’s attorney to use a jury instruction to stipulate that Rogers had been convicted of a felony, it was an invited error that Rogers’s attorney created. Reversible error does not occur when a defendant’s own actions open the door to error, and a circuit court either issues a curative instruction or the defense declines the cure. See e.g., Pittman v. State, 42 So.3d 556, 560 (¶ 12) (Miss.Ct.App.2009) (mistrial not warranted when defense’s actions led to allegedly improper admission of evidence of prior bad acts, and defense counsel declined to have the court provide a corrective instruction); Saunders v. State, 733 So.2d 325, 331 (¶28) (Miss.Ct.App.1998) (mistrial not warranted when defense opened the door to prior bad acts by asking about defendant’s parole eligibility for prior aggravated-assault charge).
¶ 26. The record is clear that the prosecution was prepared to introduce a pen-pack and/or a sentencing order to prove that Rogers had previously been convicted of a felony. Rogers’s attorney argued that those documents could unfairly prejudice the jury. Additionally, Rogers’s attorney repeatedly argued that she should be allowed to stipulate via a Rigby instruction that Rogers had previously been convicted of felony. The circuit court gave Rogers precisely what his attorney requested. There is no merit to the concept that the circuit court erred when Rogers received the benefit of his decision at trial.
II. STATEMENT
¶ 27. Rogers asserts that his statement to Investigator Thomas was inadmissible because Investigator Thomas failed to inform him of his constitutional rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), prior to asking Rogers if he would *552 like to make a statement. At the outset, we note that Rogers failed to object at trial to Investigator Thomas’s testimony-regarding his statement. Rogers never moved to suppress his statement. Therefore, Rogers “must rely on plain error to raise the issue on appeal, because otherwise it is procedurally barred.” Parker v. State, 30 So.3d 1222, 1227 (¶14) (Miss.2010) (citing Walker v. State, 913 So.2d 198, 216 (¶ 45) (Miss.2005)). “Plain error exists where such error affects the defendant’s substantive/fundamental rights, even though no objection was made at trial.” Id. Our supreme court has previously refused to review an alleged Miranda violation for plain error. See Williams v. State, 971 So.2d 581, 590 (¶ 29) (Miss.2008) (stating that “[a]s a general rule, constitutional questions not asserted at the trial level are deemed waived”). Because Rogers failed to object to Investigator Thomas’s testimony regarding Rogers’s statement, this issue is procedurally barred, and we decline to review the challenge for plain error.
III. MISTRIAL
 ¶ 28. Finally, Rogers contends that the circuit court erred in failing to declare a mistrial after several members of the jury discussed Hurt’s testimony before the jury deliberated. When questioned by the circuit court, eight out of thirteen jurors admitted that they had either discussed or heard other jurors discussing various aspects of Hurt’s testimony. However, “not every incident of juror misconduct requires a new trial.” Turner v. State, 748 So.2d 706, 709 (¶ 8) (Miss.1999) (citations omitted).
¶ 29. Whether to grant a mistrial is left to the sound discretion of the circuit court. Caston v. State, 823 So.2d 473, 496 (¶ 76) (Miss.2002). Therefore, “[t]he standard of review for [the] denial of a motion for [a] mistrial is abuse of discretion.” Id. at 497 (¶ 76) (citations omitted). “The failure to grant a misti'ial is considered an error only where there is a determination of an abuse of discretion by the trial judge[;] otherwise the decision will not be disturbed on appeal.” Id. (citations omitted).
¶ 30. Here, after learning of the conversation between the jurors, the circuit court immediately questioned each juror as to what he or she may have heard and who may have said it. None of the jurors, including the juror who began the discussion of Hurt’s testimony, said that they had formed an opinion regarding the outcome of the case or the evidence that they had heard. The circuit court gave the prosecution and Rogers’s attorney the opportunity to question each juror. The circuit court also asked Rogers’s attorney if she wanted to replace the juror that began the conversation. Rogers’s attorney declined. The circuit court denied the motion for a mistrial and instructed the jurors again that they were not allowed to discuss the case until they had heard all of the evidence. Absent evidence to the contrary, “it is presumed that jurors follow the instructions of the court.” Moffett v. State, 49 So.3d 1073, 1108 (¶ 115) (Miss.2010) (quoting Williams v. State, 684 So.2d 1179, 1209 (Miss.1996)).
¶ 31. Rogers does not allege that the jury was unfair to him or partial to the prosecution. And the record does not indicate that the jury was anything but fair and impartial. As such, the circuit court did not abuse its discretion in refusing to grant a mistrial. There is no merit to this issue.
¶ 32. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, ARMED ROBBERY, AND SENTENCE AS A HABITUAL OFFENDER *553 OF TWENTY-THREE YEARS, AND COUNT II, UNLAWFUL POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS, WITH THE SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, J.

. The basis for the Rigby decision was the United States Supreme Court’s decision in Old Chief, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574. According to the Rigby court:
Old Chief held that "a district court abuses its discretion if it spurns an offer to stipulate to a prior conviction and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction.”
Rigby, 826 So.2d at 699 (¶ 8) (quoting Old Chief, 519 U.S. at 174, 117 S.Ct. 644)).

. See, e.g., Littlejohn v. State, 320 Ga.App. 197, 739 S.E.2d 682, 689 (2013) (oral stipulation by counsel that was entered into the record in a pretrial hearing obviated necessity of proof of prior burglary conviction); State v. Powell, 732 S.E.2d 491, 495 (N.C.Ct.App.2012) (defendant’s oral stipulation to the existence of out-of-state felony drug conviction was sufficient evidence for enhanced sentencing); Bass v. State, 160 S.W.3d 604, 605-06 (Tex.App.2005) (verbal stipulation entered into the record prior to voir dire as to prior DUI convictions was sufficient proof of previously convicted status, and the prosecution was not required to introduce documentary proof).