# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-KA-00670-SCT

*DAVONTA WELLS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/18/2023 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS, JR. |
| TRIAL COURT ATTORNEYS: | SCOTT WINSTON COLOM |
| | COLLEN LEIGH HUDSON |
| | BENJAMIN DAVID LANG |
| | DONNA SUE SMITH |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALLISON ELIZABETH HORNE |
| DISTRICT ATTORNEY: | SCOTT WINSTON COLOM |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/19/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. In the early morning hours of April 29, 2020, Davonta Wells went to the home of his former girlfriend, Taharika Smith, and attempted to gain entrance. After being denied admittance, he fired six shots into Smith's residence. Wells was tried by a jury and convicted in the Circuit Court of Lowndes County, Mississippi. He was sentenced as a nonviolent

habitual offender[1] to ten years for Count I, shooting into an occupied dwelling, and to ten years with four years suspended on Count II, possession of a firearm by a convicted felon, to run consecutively.

¶2.	Wells now appeals, arguing that the evidence was insufficient to support his conviction on Count II, possession of a firearm by a convicted felon.

## STATEMENT OF THE FACTS

¶3.	Davonta Wells and Taharika Smith had a prior relationship but were no longer together at the time of the incident in question. In the middle of the night on April 29, 2020, after attempting to telephone Smith five times and not getting an answer, Wells arrived at Smith's residence. James Rice, a guest at Smith's home, was awakened by Wells's screams for Smith to come outside. Smith went to the door and asked Wells to leave. Refusing to leave, Wells threatened to "shoot up the place" if Smith did not open the door. When Smith did not comply, Rice witnessed Wells pulling a gun from under his shirt and shooting into the house six times. Wells was identified to the police as the shooter by Smith, Rice, and a neighbor, Pierre Beard. Some time later, Wells turned himself in. Wells was charged with shooting into an occupied dwelling and possession of a firearm by a convicted felon.

¶4.	Wells's trial commenced on May 15, 2023, in the Circuit Court of Lowndes County. Prior to the start of the trial, Wells had stipulated that he was a prior convicted felon. The court stated on the record that the parties were stipulating that Wells was a prior convicted felon. Specifically, the trial judge said, "[i]n Count 2 . . . I believe the Defense and the State

---

[1]See Miss. Code Ann. § 99-19-81 (Rev. 2020).

2

are both stipulating that he is prior convicted of a felony; is that right, [Defense counsel]? You just don't want the jury to know what that felony [was]?" Wells's defense counsel concurred with the trial judge.

¶5.     The court addressed the stipulation at the beginning of *voir dire* and in the given jury instructions. In the court's opening remarks to the members of the venire, he stated, as to Count II, Wells was charged with possessing a firearm while he "was a prior convicted felon after having been previously convicted on December 7, 2007, in Lowndes County Circuit Court Cause Number 2006-0311-CR1. That crime being a felony." The court granted the following jury instruction regarding Wells's stipulation:

> [Davonta] Wells has been charged with the crime of being a felon in possession of a firearm. The [c]ourt instructs the jury that the Defendant has stipulated to one element of the crime with which he is currently charged. That element is a prior felony conviction. The court instructs the jury that this prior conviction of the Defendant may not be considered as evidence that the Defendant committed the crimes of shooting into an occupied dwelling which he is currently charged with. It may, however, be used for the limited and sole purpose of providing the prior felony conviction element of the crime of being a convicted felon in possession of a firearm.

The nature of Wells's prior felony was not disclosed to the jury.

¶6.     Wells was found guilty of both counts. For Count I, Wells was sentenced as a nonviolent habitual offender to serve ten years. For Count II, Wells was sentenced as a nonviolent habitual offender to serve ten years with four years suspended. These sentences were made to run consecutively.

¶7.     Wells now appeals the conviction of Count II, arguing that there was insufficient evidence to uphold his conviction because there was no evidence that the stipulation had

been admitted into evidence. The State argues that Wells's argument has been waived because Wells never objected to the stipulation at the trial level, making this the first time that he has challenged the stipulation. Despite the waiver, the State asserts that his argument has no merit because there was sufficient evidence and that after entering into a stipulation, there is no additional procedure to follow except to provide a limiting instruction.

## DISCUSSION

¶8.     Wells acknowledges that the law currently permits "a mere intention to enter a stipulation, as evidenced by a [*Rigby v. State*, 826 So. 2d 694 (Miss. 2002),] limiting instruction, can suffice for an actual, solemn, written, formal stipulation agreement being read to the jury and placed in evidence during the trial." Despite this acknowledgment, Wells "urges this [C]ourt to examine the current state of the law, and upon doing so, to find that intentions to stipulate and jury instructions cannot be deemed to meet the stringent requirements of properly admitted evidence." Instead, Wells calls for this Court to adopt a formal procedure that requires stipulations in criminal cases to be in writing and admitted into evidence.

¶9.     Since Wells did not raise this issue at the trial level, we find that he is procedurally barred from raising it for the first time on appeal. *See Stratton v. McKey*, 384 So. 3d 499, 503 (Miss. 2024) (The Court does "not consider arguments raised for the first time on appeal." (internal quotation marks omitted) (quoting *Bay Point Props., Inc. v. Miss. Transp. Comm'n*, 201 So. 3d 1046, 1055 (Miss. 2016))); *see also Jordan v. State*, 786 So. 2d 987, 1028 (Miss. 2001) ("[Defendant] did not make this argument at trial and is procedurally

barred from raising it for the first time on appeal."). Additionally, we find that the invited error doctrine applies because Wells made the tactical decision to enter into the stipulation of his own volition and did not object to or challenge the stipulation before the trial court. *See* ***Busick v. St. John***, 856 So. 2d 304, 314 (Miss. 2003) ("An appellant cannot complain of alleged errors which he invited or induced." (citing ***Caston v. State***, 823 So. 2d 473, 502 (Miss. 2002))); *see also* ***Thomas v. State***, 249 So. 3d 331, 348-350 (Miss. 2018) (The Court held that the doctrine of invited error applies because this was "a case in which the error might more appropriately be referred to as 'demanded' by the defendant rather than 'invited.'"). Thus, we find that this issue is waived and procedurally barred.

¶10.     Additionally, we decline to accept Wells's invitation to expand the current state of the law. First, Wells's argument relies solely on an opinion concurring in part and dissenting in part from the Mississippi Court of Appeals' decision in ***Rogers v. State***, 130 So. 3d 544, 553 (Miss. Ct. App. 2013) (Irving, P.J., concurring in part and dissenting in part),[2] which is not

---

[2]In ***Rogers***, the defendant was convicted of armed robbery and possession of a firearm by a convicted felon. Like Wells, the defendant stipulated to his previous felony and incorporated the stipulation into one of the jury instructions. ***Rogers***, 130 So. 3d at 546. The defendant was found guilty on both counts. *Id.* at 547. Rogers appealed, arguing whether the evidence was sufficient to convict him of being a convicted felon in possession of a firearm when the stipulation was not entered into evidence. *Id.* The majority in ***Rogers*** stated correctly that "[a] stipulation entered into between the parties has the effect of removing a question of fact from the jury's consideration" and "[n]either party need present evidence or show proof of the existence of such facts that are contained within the stipulation." *Id.* at 550 (first alteration in original) (internal quotation marks omitted) (quoting ***State v. Flippen***, 344 N.C. 689, 477 S.E.2d 158, 164 (1996)). Furthermore, "a written stipulation is not required by ***Rigby*** or any other Mississippi case." *Id.* But the separate opinion in ***Rogers*** argued that the procedure the court used to accept the stipulation was insufficient to satisfy its evidentiary function. ***Rogers***, 130 So. 3d at 553. The separate opinion asserted:

    [n]ot at any time prior to the jury being instructed had the jury been presented

5

binding on this Court. *See Stewart v. Stewart*, 864 So. 2d 934, 937 (Miss. 2003) ("Court of

Appeals decisions are not binding on this Court[.]"). Next, the State satisfied its evidentiary

burden when it accepted Wells's stipulation to his prior conviction and issued a limiting jury

instruction, which negated the necessity for it to present additional evidence. In *Rigby*, this

Court stated, "[c]ertain procedural safeguards are warranted if a defendant offers to stipulate

to previous . . . convictions. The trial court should accept such stipulations, and *they should

be submitted to the jury with a proper limiting instruction*." *Rigby*, 826 So. 2d at 702–03

(emphasis added). Additionally, this Court has held

> Where evidence of a prior conviction is a necessary element of the crime for
> which the defendant is on trial . . . but evidence of the *specific nature of the
> crime* for which the defendant was previously convicted . . . is not an essential
> element of the crime for which the defendant is on trial . . . the trial court
> should accept a defendant's offer to stipulate and grant a limiting instruction.

*Williams v. State*, 991 So. 2d 593, 605-06 (Miss. 2008). That is exactly what occurred in this

case. Wells and the State stipulated that he was a convicted felon, the trial court accepted the

stipulation, and the trial court granted an appropriate limiting instruction. Furthermore, the

jury instruction stated that Wells's prior conviction may be "used for the *limited and sole

purpose* of proving the prior felony conviction element of the crime of being a convicted

---

> evidence of Rogers's prior felony conviction either by proof through a witness
> from the witness stand, by admission of a certified record of a previous
> conviction, or by an oral or written stipulation that the State and Rogers
> agreed that Rogers was a previously-convicted felon.

*Id.* at 553-54. Presiding Judge Irving believed that a jury instruction regarding the
stipulation was insufficient because it would relieve the State of its burden to prove every
element of a crime, and a jury instruction must be supported by an existing evidentiary basis.
*Id.* at 554.

felon in possession of a firearm." (Emphasis added.) The stipulation was sufficient evidence to satisfy the essential element of Wells's felon-in-possession charge.

## CONCLUSION

¶11.    Since the alleged error was invited by Wells and never was argued before the trial court, this issue is waived and procedurally barred. Additionally, we find that the stipulation satisfied the State's burden of proof, and we affirm Wells's conviction for possession of a firearm by a convicted felon.

¶12.    **AFFIRMED.**

      **RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**